CLARK THREAD COMPANY v. THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF HUDSON.

1. The fifth section of the act concerning riots (*Rev.*, *p.* 978) is within the title of the act and is constitutional.

2. In an action founded on a penal statute, the subject of any exception in the enacting or prohibitory clause of the act must, in the declaration, be excluded by averment.  But if any proviso or qualification in a separate substantive clause, the declaration need not take notice; that must be introduced by way of defence.

3. In this case, the provision in our statute, restrictive of the right of recovery against the county, is in a clause separate from that giving the right of action, and, therefore, it must be introduced in the pleading by the defence.

---

On demurrer to *narr.*

Argued at November Term, 1891, before BEASLEY, CHIEF JUSTICE, and Justices DEPUE and VAN SYCKEL.

For the plaintiff, *Vredenburgh & Garretson.*

For the defendant, *John A. McGrath.*

The opinion of the court was delivered by

VAN SYCKEL, J.   This is a suit under the act concerning riots (*Rev.*, p. 978), to recover damages from the county of Hudson for injury which the plaintiff company alleges was done to its buildings by a mob in February, 1891.

Sections 5, 6 and 7 of said act, which give the right of action and direct how it shall be prosecuted, are substantially like the acts which have been enacted in New York and Pennsylvania.

The first ground of demurrer is, that the fifth section of the act which authorizes suit against the county is not within the title of the act.

The act, as originally passed, is found in *Pamph. L.* 1864, p. 237, and is entitled "An act to provide for compensating parties whose property may be injured or destroyed in consequence of mobs or riots."

At the time of the revision the act of 1864 was made part of the Riot act, entitled "An act to prevent routs, riots and tumultuous assemblies."

The object of this act being to prevent mobs and riots, it is fair to presume that the legislature supposed that the purpose of the act would be promoted by making the political district, within which the tumult occurred, liable to pay damages done to private property.

The unity of the object expressed in the title of an act must be sought in the end to be attained, and not in the means or details adopted to reach that end.   *Walter* v. *Town of Union*, 4 *Vroom* 350; *Bumsted* v. *Govern*, 18 *Id.* 368.

In my judgment, the title of the act in the Revision is broad enough to permit the provisions of the act of 1864 to be incorporated in it.

The other causes assigned for demurrer relate to the sufficiency of the declaration.

It appears that the declaration in this case is a copy of the declaration filed in the case of *Gibson* v. *County of Alleghany,* reported in 90 *Pa. St.* 397. As the recovery in that case was earnestly resisted, it may be assumed that the declaration was held to set forth in apt language a legal cause of action.

The only ground of demurrer which I deem it necessary to discuss is, that the restrictive provisions in the statute are not noticed in the declaration.

In declaring upon a covenant or upon articles of agreement, an exception in the body of the covenant or agreement must be set out and the subject matter of the exception must be excluded from the breach assigned.

If A covenants to convey to B a certain farm, except one particular close, B, in an action on the covenant, must state the exception, as well as the rest of the covenanting clause, and in assigning the breach must aver that A has not conveyed the farm, except the one specified close. The exception enters into the description of the covenant, and the corresponding exception, in the assignment of the breach, is within the covenant. *Gould Pl., p.* 178, *ch.* 4, § 20.

But if A covenants to convey to B a certain farm, with a separate proviso that, on A's performing a certain act, he shall not be bound to convey one particular close, parcel of the farm, B, in declaring on the covenant, need not take notice of the proviso.

In *Eliot* v. *Blake,* 1 *T. Raym.* 65, the declaration omitted to state the proviso, and the court held that the declaration was sufficient without the recital of the proviso; that it was incumbent on the defendant to plead the proviso.

A like distinction prevails in declaring on statutes. In an action founded on a penal statute, the subject of any exception, in the enacting or prohibitory clause of the act, must, in the declaration, be excluded by averment. But of any proviso or qualification, in a separate substantive clause, the declaration need not take notice. *Gould Pl., p.* 179, § 22.

Mr. Chitty, in 1 *Chit. Pl.* 356, states the rule as follows: "Where a person is exempt from a penalty, under certain cir-

cumstances, by a proviso in a statute, and not in the body of it, the plaintiff need not state that the defendant is not within the exemption, for that is merely matter of defence to be shown by the defendant; but where the exception is contained in the enacting clause, it must be negatived in the declaration."

In *Spieres* v. *Parker*, 1 *T. R.* 141, Mr. Justice Ashhurst said: "The rule is, that any man, who will bring an action for a penalty on an act of parliament, must show himself entitled under the enacting clause; but if there be a subsequent exemption, that is a matter of defence, and the other party must show it to exempt himself from the penalty."

In this case, the provision in our statute, restrictive of the right of recovery against the county, is in a clause separate from that giving the right of action, and, therefore, it must be introduced in the pleading by the defence.

The demurrer must be overruled.