JOHN D. MILLS ET AL. v. THE STATE.

*No. 959.   Decided April 29th, 1896.*

**1.  Bail Bond—Scire Facias—Variance.**

Where the scire facias issued upon a judgment nisi, on a forfeited bail bond, recited that the bond was executed on the 23rd day of January, 1895, and the bond offered in evidence recited that it was "signed and dated on this — day of January, A. D. 1895, and that it was approved by the sheriff on the 23rd day of January, 1895. Held: No variance. In the absence of a showing to the contrary, the bond will be presumed to have been executed on the date of its approval by the officer taking it.

**2. Same—Description of Offense—"Brass Knuckles."**

Where the bail bond recited the offense, as carrying on and about his person "brass knucks," and the contention was, that the statutory word "knuckles" should have been used to characterize the offense. Held: That "knucks" and "knuckles" mean the same thing, and in stating an offense, words of the same import as the statutory words are sufficient.

APPEAL from the County Court of Williamson. Tried below before Hon. D. S. CHESSHER, County Judge.

This is an appeal from a judgment final on a forfeited bail bond, for the sum of $200, executed by John D. Mills, with sureties for his appearance to answer to a charge of carrying on and about his person "brass knucks."

No further statement necessary.

*T. L. Camp, J. M. Edwards,* and *Oeland & Littleton,* for appellants.
—1. When a bail bond is not dated, and the scire facias alleges, that said bond was entered into on a certain date, the variance is fatal. Bailey v. State, 22 S. W. Rep., 40; Holt v. State, 20 Tex. Crim. App., 271; Faubion v. State, 21 Tex. Crim. App., 494; Arrington v. State, 13 Tex. Crim. App., 554.

2. One of the essential requisites of a bail bond is that, "the offense, of which defendant is accused, be distinctly named in the bond; and it must appear therefrom that he is guilty of some offense against the law," etc. Code Crim. Proc., Art. 233, Subdiv. 3. It is not an offense to carry on and about the person "brass knuckles." Penal Code, Art. 318; Code Crim. Proc., Art. 234.

*Mann Trice,* Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—This appeal is brought from a final judgment had upon a forfeited bail bond. The scire facias alleges the execution of said bond to have occurred on the 23rd day of January, 1895. The face of the bond recites as follows: "Signed and dated on this the —— day of January, A. D. 1895," and was "approved on this the 23rd day of January, A. D. 1895." Henry C. Purl, Sheriff Williamson County, by C. H. Gee, Depty." It was made a ground of exception that there is a variance between the date in the bond and that alleged in the scire facias. We do not think so. The bond recites no particular day. The approval does. Had the bond fixed a day of execution different from the date of approval, and had the scire facias followed the date of approval instead of that set out in the bond, there would have been a variance. In the absence of a showing to the contrary, the bond will be presumed to have been executed on the date of its approval by the officer taking it. See, Ake v. State, 4 Tex. Crim. App., 126; La Rose v. State, 29 Tex. Crim. App., 215; Williamson v. State, 32 Tex. Crim. Rep., 213. This is not in conflict with the Bailey case (Tex. Crim. App.) 22 S. W. Rep., 40. The recognizance in this latter mentioned case was not dated, whereas the scire facias alleges that it was entered into on April 26th. In the case in hand the date, as above stated, was fixed

by the approval of the bond, and the scire facias alleges that date. It is contended also that the bond sets out no offense against the Penal Code. It recites that "Jno. D. Mills stands charged by complaint duly made with the offense of having and carrying on and about his person "brass knucks.'" The contention is that "knucks" and "knuckles" are not the same thing, and that, in order to have been an offense, the word "knuckles" should have been used in the bond. The two words mean the same thing, as shown by their definitions. See, Cent. Dict. It is not fatal to complaints, informations, or indictments, that words of the same import as those set out in the statute are used in charging statutory offenses. This is settled in this State. The judgment is affirmed.

*Affirmed.*