# Glasscock *v.* The State.

### *Violation of Prohibition Law.*

(Decided Feb. 4, 1909. 48 South. 700.)

1. *Statutes; Subjects and Title.*—Section 45, Constitution 1901, requires that a law have but one title, and the provisions of it are satisfied if the law has but one general subject, which will support all matters reasonably connected with it, fairly indicated in the title, and all proper agencies which may facilitate its accompplishments, are germane to the title; the form of the title must be left to the legislature and not to the courts.

2. *Same.*—Local Acts 1900-01, p. 688, is not violative of section 45, Constitution 1901.

3. *Indictment and Information; Misdemeanors; Legislative Authority to Dispense With.*—The legislature is authorized to dispense with indictments and to authorize prosecutions and trials upon affidavit or complaint in misdemeanor cases.

4. *Intoxicating Liquors.*—The evidence in this case stated and examined and held sufficient to sustain a conviction for dealing in intoxicating liquors in violation of Local Acts 1907, p. 249.

5. *Appeal and Error.; Harmless Error; Refusal of Instruction.*—The refusal to defendant of all requested charges is not prejudicial where all the evidence, including that of the accused himself clearly shows his guilt, presenting a case for the general affirmative charge if such a charge can be given in a criminal case.

6. *Same; Evidence.*—The admission of testimony in a prosecution for violation of the prohibition law that an election has been held in the county under the law was cured by the introduction of record evidence of the election and the result thereof as provided by the Act.

7. *Fines; County Convicts; Costs; Rate.*—Under the provisions of General Acts 1907 (1 S. S.) p. 183; sec. 13, the rate per day for a county convict sentenced to hard labor for the county for the payment of the cost of his conviction, is forty cents and not thirty cents.

APPEAL from Fayette Circuit Court.

Heard before Hon. S. H. SPROTT.

John Glasscock was convicted of violating a local prohibition law, and appeals. Corrected and affirmed.

The complaint filed by the solicitor in the circuit court is as follows: "The state of Alabama, by its solicitor, W. B. Oliver, complains of John Glasscock that within

[Glasscock v. The State.]

twelve months before the commencement of this prosecution he did sell spirituous, vinous, or malt liquors without a license and contrary to law. The state of Alabama, by its solicitor, W. B. Oliver, further complains of John Glasscock that within twelve months before the commencement of this prosecution, he did sell, give away, deliver, or otherwise dispose of spirituous, vinous, or malt liquors contrary to law." Objection was made to this complaint, because it was a departure from the original affidavit, and because this was an appeal from the county court of Fayette county, in which a trial by jury was demanded, and that before the case could properly be in the circuit court an indictment by grand jury must have been preferred. The witness for the state testified that on the first Sunday in February, 1908, he purchased a quart bottle of liquor from the defendant, paid him $1 for it, and that the defendant and his son delivered the same at the house of the witness. The defendant's evidence was that he had some phosphate gin at his house and that he told the state's witness where it was, after the state's witness had asked him several times for whisky, and that he knew the boys who were with the witness, so told them where the whisky was in his house, and to go and steal it, or get it some way, and drink it up, but that he received no money for it. It was admitted that the alleged gift or sale was within the corporate limits of the town of Fayette, that the house of defendant was within said incorporation, and that the town was incorporated and had police jurisdiction both day and night. The defendant requested the affirmative charge, and another charge, as follows: "If the jury believe from all the evidence in this case that it was only a gift of the alleged whisky, and that defendant did not receive anything for the same, then you must find the defendant not guilty."

ROBERT F. PETERS, for appellant. The defendant's motion to strike and also the motion assailing the constitutionality of the act under which the cause was transferred should have been sustained.—Acts 1901, p. 688; *State v. Southern Ry. Co.,* 115 Ala. 250; *Montgomery v. The State,* 88 Ala. 141; *Ex parte Reynolds,* 87 Ala. 138; *Ex parte Cowart,* 92 Ala. 94; *Stewart v. Commissioners,* 82 Ala. 209. The question is not so much whether all the matters treated in one and the same statute could be treated as a single subject matter, but whether they were so treated in the act under consideration.—*Ballantyné v. Wickersham,* 75 Ala. 533; *Rodgers v. Tolbert,* 58 Ala. 523. If, for any reason the act was defective, the matter should have gone to the grand jury.—*Reeves v. The State,* 96 Ala. 33; *Collins v. The State,* 88 Ala.. 212. The petition and alleged order only shows a purpose to prohibit a sale and under the special act, the defendant could not be convicted for giving.—*State v. Davis,* 130 Ala. 148; *Watson v. The State,* 140 Ala. 134; *Yohn v. Merritt,* 117 Ala. 485; *Miller v. Jones,* 80 Ala. 89. The court erred in sentencing the prisoner to pay costs at 30 cents per day.

ALEXANDER M. GARBER, Attorney-General, for the State. It is competent for the Legislature to regulate the trial of misdemeanors as was done in this instance (Acts 1900-01, p. 689), and to provide that on appeal from the county to the circuit court, the trial should be on the affidavit and warrant without the intervention of the grand jury.—*Witt v. The State,* 130 Ala. 129. The Act of 1907, pp. 200 and 96, is constitutional and valid.

MAYFIELD, J.—The appellant appeals from a conviction for violating the local prohibition laws of Fayette county. The prosecution was based upon an affidavit

and warrant made returnable to the county court of Fayette county. The defendant demanded a jury trial in the county court, and by local statute the cause was transferred to the circuit court of such county, where a jury trial was had. The trial resulted in a conviction, and from the judgment thereupon the defendant appeals.

The defendant assails the constitutionality of two local statutes of Fayette county; the first being entitled "In relation to trials of misdemeanors in Fayette county, Alabama" (Loc. Acts 1900-01, pp. 689, 690), and the second being a local prohibition act for that county, approved February 26, 1907 (Loc. Acts 1907, p. 249). It is insisted by counsel for appellant that the first act is void because the title thereof does not conform to the requirements of section 2, art. 4, of the Constitution of 1875, now section 45 of the Constitution of 1901, which provides, among other things, that "each law shall contain but one subject, which shall be clearly expressed in the title," etc. We fail to see anything in the title of this act which could possibly render the whole enactment void. Certainly there is but one subject, and it is clearly expressed in the title of the law, to wit, "In relation to trials of misdemeanors in Fayette county, Alabama."

This provision of the Constitution is satisfied if the act has but one general subject, fairly indicated in the title, and such title will support all matters reasonably connected with it, and all proper agencies, instrumentalities, or measures which may facilitate its accomplishment are proper and germane or cognate to the title. Much must be left to the legislative discretion, with which there cannot be judicial interference. The constitutional provision contemplates but one title to a law or act, not a multiplicity thereof. The title may

be expressed in very general terms, or it may summarize or embrace a table of its contents, or be in the form of an index or abstract of the contents. The Constitution is complied with, in this respect, if the law or act has but one subject, and that subject is fairly indicated in the title. The form of this title must be left to the Legislature, and not to the courts. The object and purpose of this provision have probably been most clearly expressed by Judge Cooley, as follows: "First, to prevent 'hodgepodges' or 'logrolling' legislation; second, to prevent surprise or fraud upon the Legislature by means of provisions in the bills of which the title gives no information, and which might, therefore, be overlooked, and carelessly and unintentionally adopted; and, third, to fairly apprise the people, through such publication of legislative proceedings as is usually made, of the subjects of legislation that are being considered, in order that they may have the opportunity of being heard thereon, by petition or otherwise, if they so desire."—Cooley, Const. Lim. 172, quoted by Chief Justice Brickell in *Lindsay v. U. S. Savings & Loan Ass'n,* 120 Ala. 172, 24 South. 171, 42 L. R. A. 783. The following cases fully support the validity of this act, so far as this appeal is concerned, with reference to its title; *Ex parte Pollard,* 40 Ala. 90; *Ballentune's Case,* 75 Ala. 533; *State v. Rogers,* 107 Ala. 444, 19 South. 909, 32 L. R. A. 520; *State v. McCary,* 128 Ala. 139, 30 South. 641; *Key v. Jones,* 52 Ala. 238; *Boyd v. State,* 53 Ala. 606; *Adler v. State,* 55 Ala. 21.

Counsel for appellant complains of several provisions of the act, as to which this defendant has no concern, and which do not go to the whole act, nor to any part of which he can complain, as to which subjects or functions it is not necessary to decide, and we do not so decide; but, from a mere reading of the act and its title, we see

no objection as to any of these subjects or questions. It is perfectly competent for the Legislature to dispense with indictments in misdemeanor cases, and to authorize prosecutions and trials therefor upon affidavit or complaint; and it has clearly and legally so done in this case. The act in question expressly authorizes it, and provides that the process be made returnable to the county court, and that a trial be there had by the county court judge without a jury, and that the defendant can appeal to the circuit court and there have a jury trial de novo, or that he can have a jury trial originally in the circuit court, by demanding it within proper time. The statute does not make the giving of the bond a conditiion precedent to a jury trial in the circuit court, but only requires that the defendant give bond or remain in the custody of the sheriff, or of the law, so as to appear at the circuit court for trial. This much he would have to do in any event, whether he had a jury trial or not. We fail to see anything in the act which deprives the defendant of any inalienable constitutional right.

Counsel for the appellant and the Attorney General, in their briefs, seem to wholly misconceive the statute under which this prosecution was had. It was not under either of the two general prohibition statutes—local option or general statutory—but was under a local statute passed specially for that county.—Loc. Acts 1907, p. 249. We have examined this act, and find nothing therein that renders it void so far as any question is raised on this appeal. The election held under it seems to have been in accord with the provisions of the act, and prohibition was, therefore, in effect under that act when the alleged offense is shown to have been committed. Under this act it is made an offense "to sell or to give away, deliver or otherwise dispose of spirituous, vinous or malt liquors," etc

[Glasscock v. The State.]

Under all the evidence in the case, including that of the defendant himself, he was clearly guilty of violating this statute, and the general affirmative charge could have been given against him, if such change can ever be given in a criminal case. Consequently there could be no injury in refusing every one of defendant's requested charges.

The original warrant and complaint filed by the solicitor were all-sufficient under either the general or the special law.

There was likewise no error in allowing the sheriff of the county to testify as to the fact that an election was held in Fayette county under the local act in question. If there could be error therein, it was cured by the introduction of the record evidence of the election and the result thereof as provided by the act.

We find no error save in the sentence of the court, by the terms of which it was adjudged that the defendant pay the costs at the rate of 30 cents per day, whereas the rate should have been 40 cents per day, in accordance with the act, passed at the extraordinary session of the Legislature.—Gen. Acts Ex. Sess. 1907, p. 183, § 13. The amount of costs is shown to be $47.90, and defendant was sentenced to hard labor for 143 days, at 30 cents per day, to pay same, whereas he should have been sentenced for only 119 days, at the rate of 40 cents per day.

The judgment of sentence as to costs will be here amended in this respect, and, as amended, is affirmed.

Corrected and affirmed.

TYSON, C. J., and SIMPSON and DENSON, JJ., concur.