# Clark *v.* The State.

## *Violating Prohibition Law.*

(Decided April 18, 1912.  58 South. 682.)

1. *Statute; Title; Fees.*—The title of Acts 1909, p. 263, is broad enough to embrace the provisions of section 5, relative to the taxing of a stenographer's fee, and hence, is not repugnant to section 45, Constitution 1901.

2. *Same; Title.*—Where there is a fair expression of the subject in the title of the statute, all matters reasonably connected with it and all proper agencies, instrumentalities, or measures which can or will facilitate its accomplishment, are properly incorporated in the statute.

3. *Same; Stenographer's Fees; Constitutional Law.*—Acts 1909, p. 263, section 5 thereof, does not conflict with section 96, Constitution 1901.

APPEAL from Bibb Circuit Court.

Heard before Hon. B. M. MILLER.

John, alias Shug Clark, was convicted of violating the prohibition law, and from a judgment taxing him with a stenographer's fee, he appeals. Corrected and affirmed.

D. W. CRAWFORD, for appellant. The provisions of section 5 are not germane or in any manner related to

[Clark v. The State.]

the title of Acts 1909, p. 263.—*Ex parte Gayles,* 108 Ala. 311; *Brown v. The State,* 115 Ala. 74; *Dowling v. Troy,* 56 South. 118. There is a Local Law, providing for a stenographer for the circuit in which Bibb county is situated, and hence, the act is violative of section 96, Constitution 1901.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The title was sufficient to cover the provisions of the Act referred to.—*Ex parte Pollard,* 40 Ala. 77; *Ballentine v. Wickersham,* 75 Ala. 533; *Bell v. The State,* 115 Ala. 87; *Ex parte Birmingham,* 116 Ala. 189.

WALKER, P. J.—The defendant (appellant here), by motion to strike from the bill of costs in the case as taxed against him the item of $3 for the court stenographer's fee, raised the question of the constituional validity of section 5 of the act, "to provide for the appointment of an official stenographer for each of the circuit courts and courts of like jurisdiction for which a stenographer is not now provided by law of the state of Alabama; to prescribe his duties; to fix his compensation, and to provide for the payment of the same."—Acts Special Sesion 1909, p. 263. The section which is assailed is as follows: "Sec. 5. That in all cases reported by the official stenographer or his assistant, there shall be taxed as a part of the costs of the case a fee of $3.00, to be collected as other costs, and when such fee is collected it shall be paid by the clerk into the county treasury of said county in which such case is tried and reported." It is objected that this section of the act offends the constitutional provision which declares that "each law shall contain but one subject, which shall be clearly expressed in its title," etc.—Constitution, § 45. The point made is that the provision for the taxing of a

[Clark v. The State.]

fee in each case reported by the official stenographer or his assistant cannot be regarded as a provision "to fix his compensation and to provide for the payment of the same" within the meaning of those words as used in the title of the act, as the act (section 6) provides for the payment of a fixed salary to the stenographer "payable in quarterly installments by the county or counties composing the circuit, each county where more than one county is included in the circuit, to pay its pro rata of such salary based upon the number of weeks that the said stenographer is in attendance upon the courts held in such county"; in other words, that as the fee provided for is not to be paid to the stenographer, and as his salary is not made dependent on the fees taxed and collected, the provision for the taxing of a fee and the payment of the amount, when collected, into the county treasury, cannot be regarded as one embraced in the subject expressed in the title of the act. We are of opinion that this contention could not be sustained without unduly narrowing the fair import of the statement of its subject contained in the title of the act.

"When there is a fair expression of the subject in the title, all matters reasonably connected with it, and all proper agencies or instrumentalities, or measures, which will or may facilitate its accomplishment, are proper to be incorporated in the act, and, as usually said, are cognate or germane to the title."—*Lindsay v. United States Savings & Loan Association,* 120 Ala. 156, 173, 24 South. 171, 176 (42 L. R. A. 783). Plainly the provision for the payment into the county treasury of a fee in each case reported by the official stenographer or his assistant is one for compensation for such special services rendered in that case, though the payment is to the county and not to the official, and is in a measure calculated to facilitate the meeting by the county of the

salary charge imposed upon it by the terms of the act. We are not of opinion that the conclusion would be at all warranted that such provision is foreign to the subject of the act as expressed in its title.—*Alabama Great Southern R. Co. v. Reed,* 124 Ala. 253, 27 South. 19, 82 Am. St. Rep. 166.

Another objection urged against the validity of the provision of section 5 of the act for the taxing of a stenographer's fee as part of the costs in a case is that it contravenes the provision of section 96 of the Constitution that "the Legislature shall not enact any law not applicable to all the counties in the state, regulating costs and charges of courts, or fees, commissions or allowances of public officers." The contention in effect is that, as at the time of the enactment of the statute there were in force in some of the counties of the state local or special statutes providing for official stenographers and their compensation, the result of the constitutional provision just quoted was to prohibit the enactment of any provision for a fee for official stenographic services which is different from the provisions on that subject contained in existing local or special laws, without repealing all such local or special laws. This contention is strikingly analogous to the one which was disposed of by the ruling made in the case of *State ex rel. Covington v. Thompson,* 142 Ala. 98, 38 South. 679. In that case the effort was to enforce the conclusion that an election law, general in its terms, could not be regarded as a general law, within the meaning of the constitutional definition of such a law, because at the time of its passage there were in force in certain localities in the state inconsistent special laws on the same subject which were not repealed. In disposing of the proposition the court said: "We hold that, under the wording of said section of our Constitution, a law which

[Clark v. The State.]

is a general law in its terms, and is, in good faith, so framed that all parts of the state may come within the circle of its operation, is a general law.  And the fact that, at the time of its passage, there may be in the state certain localities where there are no objects for its present operation, or where there are special laws already in existence which must be repealed before the general law becomes operative therein, does not render it any the less a general law."  By the terms of the act under consideration its provisions apply to any circuit court or court of like jurisdiction within a circuit "not otherwise provided with an official stenographer."  They would apply wherever, by the repeal of local or special laws, or in any other way, other provisions for an official stenographer may cease to be effective.  We are of opinion that such considerations as led to the conclusion announced in the case of *State ex rel. Covington v. Thompson, supra,* also support the conclusion that the provision of section 5 of the act in question in reference to taxing and collecting a stenographer's fee is "applicable to all the counties of the state" within the meaning of the requirement of section 96 of the Constitution; in other words, that that constitutional provision does not have such effect as to render invalid a statute general in its terms for the regulation of costs and charges of courts where the only obstacle to its present operation in any county is an existing valid local or special law on the same subject.

The defendant was sentenced for the costs at the rate of 40 cents per day, instead of at the rate of 75 cents per day, as required by law.  In this respect the judgment may be corrected here, and, as so corrected, will be affirmed.

Corrected and affirmed.