[McNiell, Supt., v. Hewitt.]

# McNiell, Supt., v. Hewitt.

## *Mandamus.*

(Decided December 18, 1913. 63 South. 976.)

*Statutes;. Subject and Title.*—General Acts, 1911, p. 326, is not violative of section 45, Constitution 1901, since the provisions of section 2 of said act are fairly embraced within the title of the act.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Petition for mandamus filed by R. H. Hewitt against P. M. McNiell, as County Superintendent to require him to place petitioner's name as Assistant County Superintendent upon the roll of teachers, and pay him accordingly. From an order granting the prayer of petitioner, respondent McNiell appeals. Affirmed.

STALLINGS, NESMITH, HUNT & JUDGE, for appellant. The court erred in rendering judgment granting the peremptory writ of mandamus since section 2, acts 1911, p. 326, is not germane, referable or cognate to the title of the act as required by section 45, Constitution 1901.

J. M. GILLESPY, and C. W. HICKMAN, for appellee. There is nothing in the provisions of section 2 of the act referred to which contravenes the provisions of section 45 of the Constitution of 1901.—*Winter v. Sayre,* 118 Ala. 1; *Mobile T. Co. v. City of Mobile,* 128 Ala. 335; *Porter v. Crook,* 126 Ala. 600; *State v. Jackson,* 136 Ala. 96; *A. G. S. v. Reid,* 124 Ala. 253. There was no unauthorized delegation of legislative power to the board of education.—*Ward v. State ex rel. Parker,* 154 Ala. 227.

SOMERVILLE, J.—The only question presented by the appeal is whether or not all or part of the act of April 8, 1911, entitled "An act to prescribe the duties and powers and to fix the compensation of the county superintendents of education of the several counties of the state," is unconstitutional and. void as in violation of section 45 of the Constitution. The act in question (General Acts 1911, p. 325) specifies in detail the duties to be performed by county superintendents, and provides that the county board of education may require the full time of the superintendent in discharging the duties of his office, and must in such case fix his compensation on a salary basis instead of a per centum on disbursements. The final provision of section 2 is: "To aid the county superintendent in the discharge of his duties, the county board of education may employ such assistants as they may deem necessary. These assistants shall be paid in the same manner. as other teachers of the county are paid."

As declared by this court in *Revenue, etc., Commissioners v. State ex rel. Campbell*, 163 Ala. 441, 50 South. 972: "It is unnecessary to repeat the numerous decisions of this court as to the objects of that provision of our Constitution [section 45] to the effect that much must be left to the discretion of the Legislature in framing the titles of its acts, provided that the same are not deceptive or misleading; that the requirement is not to be so exactingly enforced as to cripple legislation; * * * and, 'when the subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in and authorized by it.' "

In the present case we think it would be a too exacting application of the constitutional restriction to hold

that the power granted to the county board to employ a teacher to aid the superintendent in the performance of duties which, in the larger counties at least, may imperatively demand such assistance is not germane to and logically comprehensible within the general subject of the superintendent's duties. The power to prescribe duties may reasonably include the power to prescribe also the subordinate means and agencies which are reasonably necessary to the effectual execution of those duties, especially in an act dealing with a subject so broad as that of public education.

We cannot say that the provision in question, latitudinous though it be, offends the policy of the Constitution, and the judgment of the trial court will be affirmed.

Affirmed. All the Justices concur.