## Lovelady v. The State.

### Carrying Concealed Weapons.

(Decided April 3, 1917.   74 South. 734.)

1. **Statutes; Local and Special Laws; Fees.**—Local Acts 1911, p. 227, is not violative of § 96, Constitution 1901, since insofar as it attempts to fix fees, it is but a reaffirmation of § 6656, Code 1907, which is applicable to all the counties in the state.

2. **Same; Invalid in Part; Effect.**—To hold that the provisions of a statute fixing certain fees are unconstitutional would not necessarily invalidate the remainder of the act.

3. **Same; Title and Subject Matter.**—Local Acts 1911, p. 227, is not violative of that part of § 45, Constitution 1907, requiring that each law contains but one subject which shall be clearly expressed in its title.

4. **Same; Enactment; Presumption.**—Unless the contrary affirmatively appears, an act of the Legislature is of itself a record of its own existence and integrity, and is presumptively correct.

5. **Evidence; Judicial Knowledge; Legislative Journal.**—The courts take judicial knowledge of the contents of the legislative journal which are required to be kept by §§ 63 and 64 of the Constitution.

6. **Weapons; Complaint; Knucks.**—A complaint charging the carrying of concealed knucks was not rendered demurrable because of the use of the word "knucks" instead of "knuckles" as the two words are used interchangeably, and mean the same thing.

7. **Trial; Objection to Evidence; Waiver.**—The right to object to a question calling for illegal, irrelevant and immaterial testimony is waived, where timely objection was not made, although counsel for defendant was engaged in other matters, and did not hear the question propounded.

8. **Criminal Law; Burden of Proof.**—The burden is on the state to prove beyond a reasonable doubt the guilt of accused of the offense charged, but it is not required to prove the impossibility of defendant's innocence.

[Lovelady v. The State.]

APPEAL from Winston County Court.

Heard before Hon. J. S. CURTIS.

Marshall Lovelady was convicted of carrying concealed about his person a pair of brass or metal knucks, and he appeals. Affirmed.

Z. MCVAY, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

BRICKEN, J.—The defendant was convicted of the offense of carrying concealed about his person a pair of brass or metal knucks. The defendant objected to going to trial, on the ground that the act conferring additional jurisdiction upon the county court of Winston county (Local Acts 1911, p. 227) was unconstitutional, and undertook to raise this question by what was termed a motion (but in fact a demurrer) ; the points insisted upon being: (1) That it violates section 96 of the Constitution, in that said act undertook to regulate fees of the county court of Winston county which were not applicable to all the counties of the state; (2) the said act was repugnant to section 45 of the Constitution because the subject of said act is not clearly expressed in its title; (3) that the passage of said act was not in conformity with sections 63 and 64 of the Constitution. The defendant also demurred to the complaint filed in this case on the ground that said complaint failed to charge any offense known to the law, this contention being based upon the fact that the complaint used the word "knucks," instead of following literally the word of the statute, "knuckles."

(1, 2) The act referred to is not unconstitutional, and the objections thereto upon these grounds are not well taken, and are without merit. In the first instance, objection (1), the provision of said act in fixing the county court fee of $3 is but a reaffirmation of Code 1907, § 6656, which fixes the fees of like character, applicable to all counties of the state at the same amount. However, if this could not be taken as a complete answer to said objection, and if, from a most liberal construction, it could be held that in this particular the act was in violation of section 96 of the Constitution, under the uniform decisions in this state, this part of said act could be disregarded and still the validity of the act be sustained, for to reject this section of the act entirely, it would still leave the act complete, and would not have the effect to emasculate or change the law. In this state

[Lovelady v. The State.]

it has been repeatedly held that where a statute contains valid and invalid provisions, and the invalid parts can be stricken from the act and leave the enactment complete within itself, sensible, capable of being executed, and wholly independent of that which is rejected, the enactment will be upheld and enforced as to valid parts.—*Harper v. State*, 109 Ala. 28-33, 19 South. 857; *Davis v. State*, 130 Ala. 148, 30 South. 344, 89 Am. St. Rep. 23; *Ex parte Cowert*, 92 Ala. 94, 9 South. 225.

(3) The next objection, (2), to the effect that the subject of the act is not clearly expressed in the title thereof, is wholly without merit. We are of the opinion that the title to this act, which is as follows: "To confer additional jurisdiction upon the county court of Winston county, Ala., and to regulate the proceedings therein"—is a full, fair, and comprehensive expression of the subject-matter contained in said act, and that the provisions thereof are referable and cognate to the general subject as embraced in the title, and therefore do not violate section 45 of the Constitution. Local Acts 1911, p. 227; *Clark v. State*, 4 Ala. App. 107, 58 South. 682; *Lindsay v. U. S. Savings & Loan Association*, 120 Ala. 156, 24 South. 171, 42 L. R. A. 783; *Hubbard v. State*, 172 Ala. 374, 55 South. 614.

(4, 5) With reference to objection (3), it need only be said that the long-established rule in this staate has been that an act of the Legislature is of itself a record of its own existence and integrity, and is presumptively correct, unless the contrary affirmatively appears. The Constitution of the state requires that each house of the Legislature shall keep a journal of its proceedings, and courts take judicial notice of the contents of the record thus kept.—*State, ex rel. Crenshaw v. Joseph, et a.*, 175 Ala. 593, 57 South. 942, Ann. Cas. 1914D, 248, and authorities cited therein. A careful examination of the House and Senate Journals with reference to the passage of the act in question here discloses the fact that the passage of said act was in all things regular, and was in conformity with sections 63 and 64 of the Constitution, and therefore there is no merit in the objection raised in this connection.

(6) The demurrer to the complaint was properly overruled. The words "knucks" and "knuckles" are used interchangeably, and mean the same thing (see Century Dictionary), and the use of either is a following of the statute (*Mills v. State*, 36 Tex. Cr. R. 71, 35 S. W. 370),

(7) In assignment of error (C) it is contended that the court erred in overruling defendant's motion to exclude certain parts of the testimony of defendant's witness Vest Still on cross-examination as having been irrelevant, incompetent, inadmissible, and because the character of state witness Bervil Williams had not been put in issue, predicating his motion upon the fact that defendant's counsel was engaged in other matters, and did not hear the question propounded, the answer to which was responsive, and upon which the motion was based. No objection was made to the question; the answer thereto being responsive, the court did not err in overruling the motion of the defendant to exclude same, it being a long-settled rule that a timely objection to a question calling for illegal, irrelevant, and immaterial testimony must be made; otherwise it comes too late. A party cannot speculate on the answer of a witness, responsive to a question, and claim the benefit of it, if favorable, and discard it if prejudicial.—*Downey v. State,* 115 Ala. 108, 22 South. 479. Counsel engaged in the trial of a case should ask for a cessation thereof, should it become necessary to divert his attention to some other matter at hand, and no exception to the rule above announced could be allowed under the facts as shown in the instant case.

(8) Assignments of error (d) and (e) are without merit. The testimony of the state was properly submitted to the jury for its consideration, and the weight and sufficiency thereof was a question for the jury to decide. The burden upon the state in a criminal case is to prove beyond a reasonable doubt that the defendant is guilty of an offense embraced in the charge against him. It is not incumbent upon it to prove the impossibility of his innocence.—*Lovett v. State,* 10 Ala. App. 72, 64 South. 643. There was, therefore, no error in overruling the motion to exclude the evidence of the state, and in requiring the defendant to make his defense after the state had closed its case. For the same reasons and under authorities supra the court did not err in overruling defendant's motion for a new trial.

There being no error of a reversible nature in the record, the judgment of the lower court will be affirmed.

Affirmed.