(76 South. 388)

BOARD OF REVENUE AND ROAD COM'RS OF MOBILE COUNTY v. STATE ex rel. ROBERTS. (1 Div. 976.)

(Supreme Court of Alabama. May 24, 1917. Rehearing Denied June 30, 1917.)

STATUTES ⬤⟳118(1)—SUBJECTS AND TITLES—DESERTION.

In Acts 1915, p. 560, to prevent desertion of wives and children, section 1, requiring the county to 'pay the probation officer 50 cents per day a deserting husband is confined under sentence, violates Const. 1901, § 45, requiring an act to contain but one subject, to be expressed in the title, and section 1 is therefore void.

Gardner, Somerville, and Thomas, JJ., dissenting.

Appeal from Law and Equity Court, Mobile County; Saffold Berney, Judge.

Mandamus by the State, on the relation of Corinne A. Roberts, against the Board of Revenue and Road Commissioners of Mobile County. Judgment for relator, for peremptory writ, and respondents appeal. Reversed and rendered.

The relator, Corinne A. Roberts, filed a petition for mandamus against the board of revenue and road commissioners of Mobile county, individually and as a body, to compel said board to issue warrants to her as probation officer under the terms of the act approved September 16, 1915, in reference to desertion and nonsupport. Acts 1915, p. 560 et seq. The caption and first section of this act are in words and figures as follows:

"An act to protect women and children from desertion and non-support by husbands and parents; making it a misdemeanor for a husband to desert or neglect to provide for the support of his wife, or for a parent to desert or to neglect to provide for the support of his or her child, or children, under the age of sixteen years; prescribing the penalty therefor, and making provisions for the apprehension and punishment of persons convicted of nonsupport or desertion; and providing for the taking of recognizances; and for the forfeiture and enforcement of said recognizances; also providing for ·the appointment of probation officers and prescribing their duties and powers; and making chiefs of police and sheriffs and other peace officers, probation officers, in certain contingencies, and designating the courts which shall have jurisdiction of such matters.

"Section 1. Be it enacted by the Legislature of Alabama, that any husband who shall, without just cause, desert or willfully neglect or refuse to provide for the support and maintenance of his wife; or any parent who shall, without lawful excuse desert or willfully neglect or refuse to provide for the support and maintenance of his or her child, or children, under the age of sixteen years, she or they being then and there in destitute or necessitous circumstances, shall be guilty of a misdemeanor, and, on conviction thereof, shall be punished by a fine of not exceeding one hundred dollars, or in the case of a husband, or father, be sentenced to a term at hard labor for the county for a period of not more than twelve months, or both. When any such person is so sentenced to hard labor for the county, the county from which said person is so sentenced shall out of the general funds of said county pay fifty cents for each day said prisoner is so confined, to a probation officer designated by the court, to be by him expended under the direction of the judge, for the maintenance of his dependent wife or children, one, or both, as the case may be, of which expenditure such officer shall make monthly reports to said judge; and it shall be the duty of the county commissioners, or board of revenue, of such county, to make the allowance herein provided for, every two weeks, and to issue a warrant for same on the county treasurer, who shall pay same to said probation officer. And should a fine be imposed, it shall be directed by the court to be paid, in whole or in part, to such probation officer, to be by him used as above stated, or to the wife, or the guardian, or custodian of such child, or children. Persons sentenced to hard labor for the county under the provisions of this · act shall, when released therefrom, be placed on probation upon the terms and conditions, and, in the manner hereinafter prescribed for the probation or original offenders, not so sentenced."

According to the allegations of the petition for mandamus, one Willie Davis was convicted under section 1 of said act of willfully neglecting or failing to provide for the support and maintenance of his wife, Susan Davis, without lawful cause. He was sentenced by the juvenile court of Mobile to a term of 12 months at hard labor for the county of Mobile. The county of Mobile received him under this sentence and confined him at hard labor for the period of over 10 weeks before the petition for mandamus was filed. The county commissioners wholly failed to issue any warrant on the county treasurer to the relator, Corinne A. Roberts, as probation officer designated by the court, every two weeks, for the allowance of 50 cents per day for each day said prisoner was so confined, as they are required to do by said act. The relator filed said petition for mandamus to compel them to issue such warrants. The petition was attacked by demurrer on three separate grounds, as follows:

(1) Because that portion of section 1 which provides that the county shall pay to the probation officer 50 cents for each day said prisoner is confined under sentence for violating section 1 of the act of September 16, 1915, is violative of section 45 of the Constitution of Alabama, in that the duties required by said section as to ·such allowances are not a part of, embraced in, cognate or germane to, the caption of said act. (Grounds of demurrer 1, 2, and 3, Record, p. 5.)

(2) Because said portion of said act is violative of the federal Constitution, because the penalty is discriminatory, in that it is higher and different as to husband and father than it is as to the mother for the same offense. (Grounds of demurrer 4 and 5, Record, p. 6.)

(3) Because the juvenile court being created by a local act, and being expressly limited to hearing and determining matters as to children under 16 years of age, the general act of September 16, 1915, "could not and does not extend the jurisdiction" to said juvenile court to convict parties under the provisions of section 1 of said act of September 16, 1915.

---

The court overruled these demurrers, and the respondents thereupon filed an answer, setting up identically the same grounds as a return to the temporary writ, and alleging in addition thereto, as a ground why the writ should not be made permanent, the following:

(1) Because there is no record to show that the amount claimed was ever taxed by the juvenile court as costs in said cause, and it is therefore neither a fine nor a judgment, and cannot constitute a legal claim against the respondents.

The court held the propositions of law asserted by this return as no sufficient answer to the rule nisi, and the facts alleged in the petition for mandamus not having been denied, the court thereupon made the writ of mandamus peremptory, and from this judgment the respondents have appealed.

Gordon & Edington, of Mobile, for appellants. Harry T. Smith & Caffey, of Mobile, and Allen, Fisk & Townsend, of Birmingham, for appellee.

PER CURIAM. The court is of the opinion that so much of section 1 of the above act as may fix a charge upon the counties of 50 cents per day, upon the sentence of the derelict, to a probation officer to be expended upon the direction of the judge, and whether the county did or did not collect the same upon the said sentence, is foreign to the title of the said act. Fastening this liability upon the counties after the sentence, and regardless of what it may collect for the hire of the convict, is not germane or cognate to the general subject dealt with in the title of the act, and the inclusion of same in the body of said act was prohibitive of section 45 of the Constitution. Whether or not the elimination of this objectionable part of the section will affect the balance of same, or the remainder of the act, or whether or not the rest of the act is subject to the other constitutional objections, we need not decide, as the elimination therefrom of the objectionable part of section 1, as above pointed out, is decisive of the present case. The trial court erred in awarding the petitioner the final writ of mandamus, and the judgment is reversed, and one is here rendered denying the writ and dismissing the petition.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.

GARDNER, J. (dissenting). I am unable to agree with the conclusion of the majority, and will here briefly state my views:

By this proceeding the constitutional validity of the act of 1915 (Gen. Acts 1915, p. 560), the caption and the first section of which appear in the foregoing statement of the case, is assailed. It is first insisted that the portion of section 1 of said act which provides for the payment out of the general funds of the county the sum of 50 cents to the probation officer for each day a prisoner serves under a sentence of hard labor for the county for a violation of this statute is unconstitutional, under section 45, Const. 1901, in that no such requirement or duty is expressed in the title of the act, nor is it embraced in, or cognate or germane to, the matters expressed therein. That portion of the caption of the act considered here pertinent is as follows:

"An act to protect women and children from desertion and non-support by husbands and parents."

The contention of counsel for appellant is that the word "protect," as used in said caption, means "to guard, shield, preserve," and the logical result of their contention is that the words "protect from" are used in the sense of "prevent." While it is true that the punishment of the offending husband and father for the abandonment of his family may, of course, have a tendency to lessen such offense, yet it must be presumed that the Legislature well knew that such punishment was no adequate protection in a large number of cases to the women and children thus deserted, and therefore without means of support. Looking to the body of the act, which is entirely proper upon consideration of this question (State ex rel. Porter v. Crook, 126 Ala. 600, 28 South. 745; Jordan v. McClure L. Co., 170 Ala. 289, 54 South. 415), we note that financial aid to the wife and children appears to be one of the primary objects of the statute. Section 3 provides for financial support to them pendente lite, and section 4 deals entirely with the subject of support for the wife and children, while section 5 provides that in case of forfeiture of recognizance the sum recovered thereon shall be paid, in the discretion of the court, in whole or in part, to defendant's wife, or to the guardian or custodian of the children, or to an organization, probation officer, or individual approved by the judge, for the use of the wife and children.

While the wife and children may be said to be protected by the punishment of the offending husband and father, in the sense that it may tend to prevent a repetition of the offense, yet in its broadest scope they are still better protected by being shielded from the results of such evil. Clearly the most practical way to provide for such protection is by supplying financial aid to the abandoned wife and children. The word "protect," therefore, should not be given a narrow meaning, but should be interpreted in a broad and comprehensive manner, so as to embrace every kind of protection that may be afforded. As was aptly said by the Supreme Court of Michigan in People v. Stickle, 156 Mich. 557, 121 N. W. 497:

"There is an apparent, and we think a necessary, connection between preventing abandonment of families by the husband and father without providing for them and the enforced use of his earnings after his conviction for their support."

It has been repeatedly held by this court that much must be left to the discretion of the Legislature in framing titles to acts, providing the same are not deceptive or misleading; that the title may be very general, and, when the subject is expressed in general terms, everything which is necessary to make a complete enactment in regard to it, or which results as a complement of the thought contained in the general expression, is included in and authorized by it. It is a fundamental principle that every legislative enactment is presumably constitutional and valid, and that he who assails it assumes the obligation to demonstrate beyond a reasonable doubt that it violates the fundamental law. As said by the court in Lovejoy v. City of Montgomery, 180 Ala. 473, 61 South. 597:

"It is a solemn thing * * * to strike down a statute. A statute is, at least presumably, an expression by the people of their will, through their representatives selected by them for the purpose of making their laws."

Without entering into a further discussion of the question, I am fully persuaded that the portion of section 1 of said act here in question is not subject to the constitutional objection here interposed. In support of this conclusion I cite McNiell v. Hewitt, 184 Ala. 101, 63 South. 976; State ex rel. Atty. Gen v. L. & N. R. R. Co., 158 Ala. 208, 48 South. 391; City Council of Montgomery v. Moore, 140 Ala. 638, 37 South. 291; Glasscock v. State, 159 Ala. 90, 48 South. 700; State ex rel. Troy v. Smith, 187 Ala. 411, 65 South. 942; Clark v. State, 4 Ala. App. 105, 58 South. 682; People v. Stickle, supra; Clark Thread Co. v. Bd. of Freeholders of Hudson County, 54 N. J. Law, 265, 23 Atl. 820; People v. Nellis, 249 Ill. 12, 94 N. E. 165.

I therefore respectfully dissent from the holding of the majority.

SOMERVILLE and THOMAS, JJ., concur in the foregoing dissenting opinion.