262 So.2d 764

**Lloyd KING**

v.

**STATE.**

**I Div. 199.**

Court of Criminal Appeals of Alabama.

March 28, 1972.

Rehearing Denied April 18, 1972.

---

Matranga, Hess & Sullivan and Roderick P. Stout, Mobile, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

TYSON, Judge.

The indictment charges murder in the first degree. The appellant King was convicted of manslaughter in the first degree and sentenced to ten years in the penitentiary.

The evidence is undisputed that the appellant, Lloyd King, killed one Jesse Landrum by shooting him with a pistol. The testimony in this case established that the appellant was the operator of the Rendezvous Club, a night club in the City of Mobile, and that the deceased was a customer therein on the night of March 18, 1970. Three witnesses took the stand and testified that on said night they saw a conversation take place at the bar between the deceased and the appellant. The deceased was seated at the bar, and the appellant was standing behind the bar.

Due to the noise generated by other conversations, a pool game in the background, a juke box playing, and dancing, no witness was able to testify as to the contents of that conversation. The testimony does establish that the appellant, after engaging in conversation with the deceased, left the bar, went into a kitchen located behind the bar, and reappeared with his hand on his right hip pocket in close proximity to what appeared to be a butt of a gun. While the appellant still had his right hand in the area of his right hip pocket, the deceased ran behind the bar and grabbed the appellant. A scuffle ensued, four shots were heard, and Landrum fell to the floor behind the bar.

Shortly thereafter, Detective G. E. Robinson of the Prichard Police Department arrived at the club. While he was making

an inspection of the premises and deceased's person, someone present indicated that the deceased had a knife on his person. A knife was found in the front pants pocket of deceased. A witness for the appellant, Sarah Maxine Grubb, testified that just prior to the shooting the deceased had approached the appellant with an open knife and placed it against the back of the appellant King and at the same time made a threat against the appellant. This occurred just before the appellant went to the kitchen and armed himself.

One .38 caliber bullet was removed from the body of the deceased, and in the opinion of a physician was the cause of death.

■■■ Following presentation of the State's case, there was a motion to exclude the State's evidence. Such motion was properly denied. The law is clear where the evidence shows that death was caused by a pistol intentionally aimed at the person slain, unless self-defense is proven, the homicide is either murder or manslaughter in the first degree. Lanier v. State, 43 Ala.App. 38, 179 So.2d 167.

The State proved that the appellant took a human life using a deadly weapon. This was sufficient to allow the case to go to the jury. For these same reasons, refusal to give the defendant's requested affirmative charge was not error.

■■■ From the record we find the following in the prosecution's closing argument:

". . . Every witness that took that stand told you that they did see a conversation transpire between Mr. Landrum and the Defendant. So we don't have that before us as to what happened. Unfortunately Mr. Landrum is not here to tell us about what happened. So we don't know what the conversation was that transpired, whether there was a prior conflict or whether it originated there that evening. . . .

. . . .

". . . He didn't like the way this guy was talking to him. We don't know what was said. I wish I did. . . .

. . . .

". . . Well it's impossible when the man's dead to show what happened between him and one other person. We had no possibility of showing what transpired in that conversation between him and Lloyd King. I can't do that. There's no way. . . ."

Comment on the failure of the appellant to testify in his own behalf is highly improper. This does not mean, however, that the prosecutor may not comment on the character and strength of the State's evidence. Littlefield v. State, 36 Ala.App. 507, 63 So.2d 565. In determining whether the prosecution's statement is a comment on the failure of the appellant to testify, the statement must be viewed in its context and in the light of what has transpired. Broadway v. State, 257 Ala. 414, 60 So.2d 701; Washington v. State, 259 Ala. 104, 65 So.2d 704.

In case of such comment by State's attorney, the trial court must be called upon to remedy the wrong by eradicating the effect upon the minds of the jury; but it cannot do so without an objection in the lower court after refusal. Stone v. State, 105 Ala. 60, 17 So. 114. During the closing argument by the prosecutor, we find no objection to any statement which had been argued in appellant's brief to be an inferential comment on the failure of the appellant to testify. In fact, the first time this was brought to the attention of the trial court was by way of a motion for a new trial. There being a necessity for an objection to such statements at the time of the occurrence in order to review their propriety, the question here is not properly presented.

■■■ The prosecution was permitted to argue during closing argument, over objection, that the State did not need to prove beyond all suspicion or probability the guilt

of the appellant. The able trial judge, in overruling the objection, stated that he would charge the jury as to the law in all matters. The trial judge subsequently charged the jury that:

"In this State a person who is charged with a crime by a Grand Jury is presumed to be innocent until it shall have been proved beyond a reasonable doubt and to a moral certainty by the State, which has that burden of proof, until that event shall have occurred. At all stages of this proceeding the Defendant is so presumed to be innocent and this presumption continues until the evidence introduced on behalf of the State proves the Defendant guilty beyond a reasonable doubt and to a moral certainty.

"As I have already indicated to you the burden of proof is on the State of Alabama to so prove that to you.

"Reasonable doubt very simply stated is such a doubt as you might have in minds when after fully and impartially considering all of the evidence that has been introduced in this case you do not feel satisfied to a moral certainty the guilt of the Defendant. This is not a mere possible or imaginary doubt or a mere conjecture. The rule of reasonable doubt applies to every material element of the offense charged and the offense, as you know, charged in this case, is murder in the first degree."

It is a settled proposition of the law that:

". . . The burden upon the state in a criminal case is to prove beyond a reasonable doubt that the defendant is guilty of an offense embraced in the charge against him. It is not incumbent upon it to prove the impossibility of his innocence. . . ." Lovelady v. State, 15 Ala.App. 615, 74 So. 734.

If there was any misunderstanding as to the law created by the prosecutor's statement, the trial judge correctly informed the jury as to the law.

There being no error in the record, the judgment of the lower court is due to be and the same is hereby affirmed.

Affirmed.

PRICE, P. J., and CATES and ALMON, JJ., concur.