The defendant was indicted and convicted for theft of property in the first degree. Alabama Code 1975, Section13A-8-3 (Amended 1977). Sentence was two years and six months' imprisonment.
 I
The substance of the defendant's only allegation of error is that the trial court erred in allowing the State to claim surprise and cross examine its own witness, Mrs. Willie Mae Chambers, the mother of the defendant.
The record shows that, before trial, the Assistant District Attorney had learned that Mrs. Chambers had given renditions of the subject of her testimony different from and inconsistent with the statement she gave to an investigating officer. In a telephone conversation with the Assistant District Attorney Mrs. Chambers denied calling the police. Defense counsel told the prosecutor that Mrs. Chambers denied seeing her son, the defendant, park the stolen automobile in her backyard. Despite this, the trial court allowed the prosecutor to cross examine Mrs. Chambers. Defense counsel objected: "For the record, Your Honor, we would except."
After having Mrs. Chambers denying making these statements, the State impeached her testimony through the testimony of Birmingham Police Officer Harold Mitchell. Officer Mitchell stated that Mrs. Chambers "called and she wanted to talk to us about her son and a car that was in her backyard that didn't belong to them." Mrs. Chambers also told him that her son, the defendant, came home in the automobile (which was the stolen vehicle) and parked it behind some trees behind her house and that she had never seen the vehicle before and she called the police.
We need not decide whether the trial judge abused his discretion in allowing the State to impeach its own witness, see C. Gamble, McElroy's Alabama Evidence, Sections 165.01 (6) and (7) (3rd ed. 1977), or whether the objection of defense counsel was sufficient to preserve any error in this regard. If any error were committed in the admission of such testimony, the error was harmless. Rule 45 A.R.A.P.
In a confession which was admitted into evidence and to which defense counsel specifically stated that he had "no objection", the defendant admitted taking the automobile and driving it home. In the confession he also admitted that his mother called the police.
The erroneous admission of evidence is not a ground for reversal, if the fact testified to be proved by other evidence *Page 438 
not objected to. Crenshaw v. State, 205 Ala. 256, 87 So. 328
(1921). The admission of incompetent evidence is harmless error, where the fact to which such evidence relates is otherwise established by competent evidence. Glasscock v.State, 159 Ala. 90, 48 So. 700 (1909); Cassidy v. State,369 So.2d 310 (Ala.Cr.App. 1979). Testimony apparently illegal upon admission may be rendered prejudicially innocuous by subsequent legal testimony to the same effect. Yelton v. State, 294 Ala. 340, 317 So.2d 331 (1974).
We have searched the record and found no error prejudicial to the rights of the defendant. The judgment of the Circuit Court is affirmed.
AFFIRMED.
All Judges concur. *Page 751