# CASES

# SUPREME COURT OF ALABAMA.

## DECEMBER TERM, 1885.

## Quartlebaum v. The State.

*Indictment for Violation of Revenue Law.*

1. *Construction of statute in favor of its constitutionality.*—When a statute is fairly susceptible of two constructions, one of which will uphold, and the other defeat its constitutionality, the former construction will be adopted, even though it be the less natural.

2. *Revenue license-tax on sewing-machine companies; construction and constitutionality of.*—The statutory provision imposing a license-tax of $25.00 on "every sewing-machine company selling sewing-machines, either themselves or by their agents, and all persons who engage in the business of selling sewing-machines" (Sess. Acts 1884–5, p. 17, §§ 8, 14, sub-d. 20), does not discriminate between companies and natural persons, but authorizes a conviction against either, on proof of a single sale, made under circumstances which show that it was done in the prosecution of the business; nor does the further provision contained in said sub-section, which exempts from the payment of said tax "merchants engaged in a general business, keeping sewing-machines as a part of their stock in trade," make any unconstitutional discrimination.

FROM the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The indictment in this case charged that the defendant, "not having first procured a license from the proper authorities, and not being a merchant engaged in a general business, did engage in the business of selling sewing-machines." A demurrer was interposed to the indictment, on the ground that the law requiring a license was unconstitutional; and the demurrer being overruled, the cause was tried on issue joined on the plea of not guilty. On the trial, as appears from the bill of exceptions, the State introduced evidence showing that the defendant kept a store in Mobile, in which he had sewing-machines for sale, and made sales from time to time; that his stock in trade aggregated about $1,000, consisting of from twenty to forty machines; and that he also kept other articles for sale, principally patterns, needles, scissors, &c., in value worth one or two hun-

1

[Quartlebaum v. The State.]

dred dollars. The court charged the jury, *ex mero motu*, "that they must determine whether the defendant was a merchant engaged in a general business, or not; and in order to bring him within the exception provided by the law, the evidence must show that he did a general mercantile business without reference to sewing-machines, and exclusive of them; and unless he did a general business, outside of sewing-machines and other things adjunct thereto, they could not look at his stock of sewing-machines, attachments, and other things incidental thereto, in connection with the other articles of merchandise which he sold under other departments of his business, to determine whether he did a general business or not." The defendant excepted to this charge, and requested the court to instruct the jury, "that to entitle the defendant to an acquittal, on the ground that he was a merchant doing a general business, it is not necessary that he should be a general merchant exclusive of his sewing-machine stock; that it is sufficient, if, taking all of his business together, including the selling of sewing-machines, he was a merchant doing a general business." The court refused this charge, and the defendant excepted.

G. L. SMITH, for appellant.—The statute on which the indictment is founded is unconstitutional, because it makes unjust discriminations between companies (or associations) and individuals. It punishes the act of selling by a company, and authorizes a conviction on proof of a single sale; but a conviction can be had against an individual, only on proof that he was engaged in the business of selling. A company engaged in a general business, selling sewing-machines as a part of the stock in trade, would be required to take out a license, while an individual would not; and a company selling through an agent who did a general business would be required to take out a license, while an individual would not. These are unjust and illegal discriminations, such as this court has condemned. *Smith v. L. & N. Railroad Co.*, 75 Ala. 452. The statute also makes unjust discriminations as between individuals, requiring a license from one whose only business is selling sewing-machines, and not imposing it on those who are engaged in that and some other business.—*S. & N. Ala. Railroad Co. v. Morris*, 65 Ala. 193; *Green v. The State*, 73 Ala. 26; *Home Protection v. Richards*, 74 Ala. 466. The statute exempts merchants engaged in a general business, selling sewing-machines as a part of their stock in trade; and the rulings of the court, as applied to the evidence, took away from the jury the right to determine whether the defendant was not within the terms of this exception.

[Quartlebaum v. The State.]

Thos. N. McClellan, Attorney-General, for the State, cited *Salomon v. The State*, 28 Ala. 83; *Board of Revenue v. Gas Light Company*, 64 Ala. 27; 8 Amer. & Eng. R. R. Cases, 1; 62 Penn. St. 494; *State v. Columbia*, 6 So. Car. 1; 8 Sawyer, C. C. 238.

STONE, C. J.—It is contended for appellant, that the statute under which the indictment was found in this case is violative alike of the State and Federal constitutions.—Constitution of 1875, Art. II, § 6; Fourteenth Amendment, Const. U. S. The precise contention is, that sub-section 20 of section 14 of the revenue statute approved December 12, 1884, discriminates between companies who sell sewing-machines, and persons or individuals who engage in the business of selling sewing-machines. Sess. Acts, 1884–5, p. 17. A second objection is, that it discriminates between two classes of persons who so engage in such business—namely, between persons who are "merchants engaged in a general business," and persons who are not so engaged. In support of the first of these objections it is urged, that the statute requires a license of a sewing-machine company, before such company will be authorized to sell a single machine, while an individual is required to obtain such license only when engaging in the business.

Unless it is clear that the legislature has transcended its authority, it is our duty to declare its acts constitutional.—*Sadler v. Langham*, 34 Ala. 311; *Stein v. Leeper*, 78 Ala. 517. Where the language of a statute is fairly susceptible of two interpretations, one of which will uphold its constitutionality, and the other defeat it, it is our duty to adopt the former, even though it be the less natural, *ut res magis valeat quam pereat*.

Our present revenue law, commencing with section 8 on page 12, and ending with section 14 on page 19, is devoted to licenses,—a subject of taxation which can not be reached by a mere tax on property. They are a tax on occupations, on amusements, &c., and are levied, sometimes for purposes of revenue, and sometimes as a police regulation. Their purpose is, generally, to regulate a business, and not to interdict, or punish a particular act. Hence we have said, "Under the general law, licenses are required only of such persons as engage in and carry on the business of certain vocations, professions, and employments. Single acts are not licensed, but only a series of acts prosecuted with the intention of reaping a profit, or making a livelihood."—*Joseph v. Randolph*, 71 Ala. 499, and authorities cited. Section 8 of the revenue law relates to, and, in great degree, controls the whole system of licenses, as now required. It must be considered, in any right interpretation of section 14, sub-section 20. It declares, "It shall be

unlawful for any person, firm, company or corporation, to engage in or carry on any business for which a license is by law required, without first having paid for and taken out a license therefor." Sub-section 20 enacts, that "Each sewing-machine . . company, selling sewing-machines . . either themselves or by their agents, and all persons who engage in the business of selling sewing-machines, . . shall pay to the State twenty-five dollars for each county in which they may so sell."

We may be pardoned for saying that, when sewing-machine companies sell sewing-machines in any locality, they do it as a business. This is common knowledge, of which we can not be supposed to be ignorant. The very nature of the traffic implies that it is to be done as a business. Entering upon the business, or engaging in the business, it does not require a number of sales to bring the unlicensed offender within the statute. One sale, made under such circumstances, would justify a conviction, whether the sale was made by a company, or through its agent, or by any other person, provided the circumstances showed there was an engaging in the business. So, interpreting section 8 and sub-section 20 of section 14, as having relation to the same subject, and to each other, the enactment is relieved of all imputation of class legislation. It is wholly unlike the sale of intoxicating liquors, which is an offense against the revenue law only when engaged in as a business; while under another statute, a purely police regulation, a single sale without a license is interdicted.

Nor is there anything in the second constitutional objection. Companies of any kind, or corporations, as well as partnerships or individuals, may be "merchants engaged in a general business." For persons so engaged, the revenue law has provided special revenue regulations, which are broad enough to cover every species of merchandise in which they deal; and under that system, they are required to pay what the legislature considered their share of the revenue. If sewing-machines be part of their stock in trade, they are taxed for them as for other merchandise. Their business is in its nature stationary, and there is little or no risk in levying taxes upon their business, on the rule of percentage. That rule may be wholly unsuited and ineffectual for other pursuits, and other lines of business. Much must be left to the discretion of the legislature, for exact equality of taxation can never be reached. So long as the burden falls with equal weight upon every member of a given class, natural and artificial persons alike, it is difficult to formulate an argument that such levy violates any provision of our own, or of the Federal constitution. Neither of them requires a horizontal tax.

It would tax ingenuity to define the phrase, "merchants engaged in a general business," with such precision as to meet the wants of every case. There would be cases so near the border line, as to render it difficult to declare on which side they fell. It is known that, among large merchants, some carry and operate in much greater variety of merchandise than others do. In cities, the tendency is to special lines, while country merchants must endeavor to supply all the wants of their customers. Hence the inquiry, whether the trader was a "merchant engaged in general business," would frequently become a question for the jury, under proper instructions. The present case presents no such difficulty. It is manifest the defendant was not a merchant engaged in general business, and the City Court might have so instructed the jury. We need not inquire whether the charges given and refused would, under appropriate testimony, be correct or not. They were abstract, and did the defendant no harm.—*Pugh v. Youngblood*, 69 Ala. 296.

The judgment of the City Court is affirmed.