·SINGER SEWING MACH. CO. v. BRICKELL, Atty. Gen., et al.

(District Court, S. D. Alabama, S. D.   October 26, 1912.)

No. 2, in Equity.

1. LICENSES (§ 16*)—OCCUPATION TAX—STATUTES—APPLICATION.

Act Ala: March 31, 1911 (Acts 1911, p. 180) § 32, provides that each person,. firm, or corporation selling sewing machines in person or through agents shall pay $50 annually for each county in which they may sell or deliver such machines, and for each team used in delivering or displaying them in each county an additional sum of $25 annually, but that the section shall not apply to merchants selling sewing machines at their regularly established places of business. *Held*, that where complainant sewing machine company, a foreign corporation, maintained places of business throughout the state where machines and parts were sold, and also sent out agents therefrom, who traveled with sample machines through the rural districts of the state, selling the same by means of teams, in some instances the sale and delivery of machines occurring at the same time, it was subject to the tax, in so far as its business was conducted by means of such teams.

[Ed. Note.—For other cases, see Licenses, Cent. Dig. §§ 36–40; Dec. Dig. § 16.*]

2. CONSTITUTIONAL LAW (§ 230*)—LICENSES (§ 7*)—EQUAL PROTECTION OF LAWS—LICENSE TAX—"ITINERANT DEALERS."

Such.section was not unconstitutional, as denying equal protection of the laws, since complainant's agents, who traveled through the county with teams, were "itinerant dealers"; the occupation of selling machines in regularly established places of business, and by means of such teams going through the country, being sufficiently different to form proper subjects for legislative classification.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 687; Dec. Dig. § .230;* Licenses, Cent. Dig. §§ 7–15; Dec. Dig. § 7.*

For other definitions, see Words and Phrases, vol. 4, p. 3798.]

In Equity.   Bill by the Singer Sewing Machine Company against Robert C. Brickell, as Attorney General of the state of Alabama, and others.   Decree for defendants.

Tyson, Wilson & Martin, of Montgomery, Ala., for complainant. Robert C. Brickell, Atty. Gen., for defendants.

TOULMIN, District Judge.   This is a bill filed against Robert C. Brickell, as Attorney General of the state of Alabama, and others, to enjoin the proposed enforcement against complainant of section 32 of "An act to further provide for the revenues of the state of Alabama," approved March 31, 1911 (Acts 1911, p. 180), which is as follows:

"Sec. 32. Sewing Machines.—Each person, firm or corporation selling or delivering sewing machines, either in person or through agents, shall pay fifty dollars annually, for each county in which they may sell or deliver said articles; and for each wagon and team used in delivering or displaying the same, an additional sum in each county of twenty-five dollars annually; but this section shall not apply to merchants selling the above enumerated articles at their regularly established places of business."

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

The bill alleges that complainant ought not to be subjected to, and is not liable for the payment of, the taxes provided for therein, upon the grounds that, under the state of facts set forth in the bill, it comes within the excepting clause of said section, and is, therefore, exempt from its operation; further, that said section of the act in question is unconstitutional, in that, in its administration, it would violate the state and federal Constitutions, particularly section 1 of the fourteenth amendment of the Constitution of the United States, providing that no state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, deprive any person of life, liberty, or property without due process of law, or deny to any person within its jurisdiction the equal protection of the laws. And the bill alleges that the said section is an effort on the part of the state of Alabama to regulate interstate commerce, in violation of the third clause of section 8 of article 1 of the Constitution of the United States.

Defendants demur to said bill, and maintain that the facts therein set forth do not show that complainant is exempt from the payment of said taxes under the excepting proviso; nor do they show that said section 32 is repugnant to the state Constitution or the Constitution of the United States in the particulars alleged.

[1] The bill, among other things, sets forth the following state of facts: Complainant, a foreign corporation organized under the laws of New Jersey, duly authorized to transact its business in the state of Alabama, has established some 36 regular places of business, or stores, throughout the state, in various towns and cities, and engages wholly in the business of buying and selling sewing machines, parts thereof to remedy defects or breakage, and sewing machine accessories, such as oil, needles, etc., which goods and wares, as above described, are kept at its said stores, for sale to the general public.

With the exception of the county of Russell, the business of complainant in all the counties of the state of Alabama is conducted as follows:

"Some of the sewing machines sold by it in the state are delivered to its salesmen at its regularly established places of business, and placed aboard wagons and teams at such places of business, and then taken by its salesmen through the rural districts of the state of Alabama, and sold from such wagons and teams, and, in some instances, delivery to the purchasers is made contemporaneously with the sale, and in other instances such salesmen use the machines so carried about on such wagons, displaying them as sample machines, taking orders for other machines, which orders are returned by such salesmen to its regularly established places of business in the state of Alabama, * * * as aforesaid, and there accepted or rejected, and, if accepted, the machines are forwarded to the purchasers on such orders; * * * that complainant also sells sewing machines at its regularly established places of business in said counties, as aforesaid, and delivers such sewing machines to purchasers by using wagons and teams. * * *"

Complainant has in its employ 197 sewing machine agents and employés in the state of Alabama, and has and is using 165 wagons and teams in the state of Alabama in so displaying, selling, and

delivering such sewing machines. It appears from the allegations of the bill that the complainant is a merchant engaged in the business of selling and delivering sewing machines in the state of Alabama, and that it has many regularly established places of business within said state, and that it also has a regularly established place of business in Columbus, Ga., which city adjoins Russell county, Ala., on the east. Said section 32 provides that:

"Each person, firm or corporation selling or delivering sewing machines, either in person or through agents, shall pay fifty dollars annually for each county in which they may sell or deliver said articles; and for each wagon and team used in delivering or displaying the same an additional sum in each county of twenty-five dollars annually."

It provides, however, that this section shall not apply to merchants selling the above enumerated articles at their regularly established places of business.

[2] In so far as the selling of sewing machines by the complainant at its regularly established places of business is concerned, said section does not apply to it. But it appears that it is selling and delivering sewing machines from wagons and teams by agents through the rural districts of the state and in many counties therein. It is then liable for the tax exacted by the statute under consideration, unless that statute is declared to be violative of the state or federal Constitutions. The complainant is engaged in selling sewing machines, both at its fixed places of business and from wagons and teams by agents who, as salesmen, sell the same and deliver them contemporaneously with the sale. It seems to me that the complainant thus became liable for both taxes required by the statute to be paid, assuming the statute to be constitutional.

In the Quartlebaum Case, 79 Ala. 1, the statute then under consideration provided that every sewing machine company selling sewing machines, either themselves or by their agents, and all persons who engage in the business of selling sewing machines, shall pay the state a tax for each county in which they may so sell; but, when merchants engaged in a general business keep sewing machines as a part of their stock in trade, they shall not be required to pay the tax therein provided. Quartlebaum dealt only in sewing machines, and sold them in different counties in the state. The Supreme Court held that he was not a merchant engaged in general business, and as he did not come within the exception made by the statute he was liable for the tax imposed.

In Ballou v. State, 87 Ala. 144, 6 South. 393, in considering a revenue statute which provided that each sewing machine company selling sewing machines, either in person or through agents, and all persons who engage in the business of selling sewing machines, shall pay to the state $25 for each county in which they may so sell, the court said:

"There is an exception in favor of merchants engaged in a general business, which is only material as showing that the Legislature exacted a license only for those who, it was contemplated, *would be itinerant*, going from county to county."

As I understand the contention of the learned counsel for complainant, it is that the tax in question is exacted only for those who are "itinerant dealers"—"that the statute is only intended to reach that character of persons." An itinerant is defined as one who travels about—as declared by the court in the Ballou Case, supra, "going from county to county."

The statute does not apply to merchants who sell sewing machines *at* their regularly established places of business, denoting nearness, present at, as at their house or store. In my judgment, it does not except from its application those who have regularly established places of business, but who also sell and deliver sewing machines from wagons and teams away from their established place of business, leaving them behind and traveling about "from county to county"—"itinerant dealers" in the rural districts of the state. In my opinion, the bill shows these facts to exist. The Supreme Court, in the Quartlebaum Case, supra, said:

"When sewing machine companies sell sewing machines in any locality, they do it as a business." 79 Ala. 4.

It seems to me that there is a clear distinction between persons selling sewing machines at regularly established places of business, and selling and delivering such articles from wagons and teams traveling about over the country, "going from county to county." They are two entirely distinct occupations. It may be difficult to distinguish these classes in principle, but the power of the Legislature to make this discrimination has not been questioned. Cook v. Marshall County, 196 U. S. 261–274, 25 Sup. Ct. 233, 49 L. Ed. 471; Armour Pkg. Co. v. Lacy, 200 U. S. 226, 26 Sup. Ct. 232, 50 L. Ed. 451; Connolly v. Union, etc., 184 U. S. 540, 22 Sup. Ct. 431, 46 L. Ed. 679; Quartlebaum v. State, 79 Ala. 4. I think it cannot be successfully claimed that it is beyond legislative power to make its classification of occupations. Authorities supra.

The Supreme Court of the United States in Oil Co. v. Texas, 217 U. S. 114, 30 Sup. Ct. 496, 54 L. Ed. 688, said:

"The fourteenth amendment of the Constitution of the United States was not intended to cripple the taxing power of the state, or to impose upon them any iron rule of taxation. This court will not speculate as to the motive of a state in adopting taxing laws, but assumes that it was adopted in good faith. A state may prescribe any system of taxation it seems best, and it may, without violating the fourteenth amendment, classify occupations, imposing a tax on some and not on others, so long as it treats equally all in the same class."

An occupation tax on all dealers in sewing machines does not deprive dealers in those articles of their property without due process of law, or deny them the equal protection of the law, because a similar tax is not imposed on dealers in other articles. Oil Co. v. Texas, supra. The statute makes no distinction among persons selling sewing machines. The burden of the present tax falls equally on every person, firm, or corporation selling sewing machines, and an additional tax on every such person for each wagon and team used in delivering or displaying the same.

199 F.—42

As I construe the statute, it imposes a license tax on every person selling sewing machines, for each county in which he may sell said articles; and it imposes an additional license tax on each person for each wagon and team used in delivering said sewing machines in such county. One tax is for the privilege of engaging in the business of selling sewing machines, and the other is for the privilege of using a wagon and team in delivering or displaying sewing machines. These taxes are imposed upon the business of selling, and upon the business of delivering or displaying sewing machines by the use of wagons and teams. The two businesses may be engaged in by one and the same person, or by different persons. In the case at bar the two occupations are engaged in by the same person, but that makes no difference in the principle involved. The Legislature has seen proper to classify them, and to impose a tax upon each, which we have seen it has, under its taxing power, the right to do. In the Herzberg Case, cited by complainant's counsel, the court held that the tax was not imposed upon the business, but solely upon the manner in which a party may conduct the business. I do not consider the cases at all alike. The case cited was where the Legislature undertook to tax the manner in which a party may conduct his business as the same related to the compensation of his employés; and the case at bar is one in which the Legislature has imposed a tax upon the business itself, and not upon the manner of conducting it.

On the facts alleged in paragraph 6 of the bill, as to the conduct of the business of complainant in Russell county, section 32 of the statute under consideration has no application; the sales made to buyers in Russell county being made at complainant's regularly established place of business in Columbus, Ga., and the articles sold delivered to the buyers in Russell county, Ala. Said facts, in my judgment, show a case of interstate commerce. Brennan v. Titusville, 153 U. S. 289, 14 Sup. Ct. 829, 38 L. Ed. 719. The unconstitutionality of said section, even if conceded, would not operate to bring the complainant within the class not intended by it. Ballou v. State, 87 Ala. 144, 6 South. 393. The Supreme Court of the United States, in Oil Co. v. Texas, supra, said:

"The federal court cannot interfere with the enforcement of the statute, simply because it may disapprove its terms, or question the wisdom of its enactment, or because it cannot be sure as to the precise reasons inducing the state to enact it."

And the Supreme Court of Alabama has said:

"Unless it is clear that the Legislature has transcended its authority, it is our duty to declare its acts constitutional." Sadler v. Langham, 34 Ala. 311; Stein v. Leeper, 78 Ala. 517.

The demurrers to the bill are sustained, and to each and every paragraph thereof, except as to paragraph 6, relating to Russell county, Ala., as to which the demurrers, and each of them, are overruled.

Let a decree be entered accordingly.