(92 South. 661)

**STATE ex rel. SELLERS v. MURPHY, Judge.**

(6 Div. 559.)

(Supreme Court of Alabama. April 6, 1922.)

**1. Statutes &#9756;161(2)—One act held not to repeal another, the two acts being practically coincident legislation and being in pari materia construed as one enactment.**

Gen. Acts 1919, p. 128 et seq., making provisions for delinquent children and providing in section 4 that the juvenile court shall exercise the powers which are herein or may hereafter be conferred, did not repeal Gen. Acts 1919, p. 180, enacted on the preceding day, amending Gen. Acts 1915, p. 560, and authorizing the juvenile court to require a husband convicted of refusing to support his wife to supply her with funds pending his appeal, or limit the jurisdiction of a court created under Loc. Acts 1911, p. 354, as the two enactments, being practically coincident legislation and being in pari materia, must be construed as one enactment; hence the phrase in which "herein" occurs refers to the composite legislative expression of both acts.

**2. Statutes &#9756;64(2)—Invalidity of sections of act for protection of women and children from desertion and nonsupport held not to invalidate entire act.**

Even though sections 5 and 6 of Act Feb. 18, 1919 (Gen. Acts 1919, p. 180), for the protection of women and children from desertion and nonsupport, are assumed to be unconstitutional, being separated in effect from the remainder of the act, their invalidity would not require the destruction of the other sections of the act.

**3. Jury &#9756;21(6)—Court's order requiring husband to furnish support to wife pending his appeal not violative of constitutional right to jury trial.**

Gen. Acts 1919, p. 180, § 4, authorizing the court to require a defaulting husband to furnish support to his wife pending his appeal from a conviction of failure to support, does not violate his constitutional right to a jury trial.

Appeal from Circuit Court, Jefferson County; J. Q. Smith, Judge.

Petition by the State of Alabama, on the relation of Ira J. Sellers, for prohibition to restrain S. D. Murphy, as Judge of the Juvenile Court, from enforcing an order requiring relator to pay certain monthly payments in support of relator's wife. From a judgment denying the writ, relator appeals. Affirmed.

Gen. Acts 1919, p. 180, § 5, referred to in opinion, is as follows:

"Sec. 5. That section four (4) of said act be and the same is hereby amended so as to read as follows: At the trial on an entry of a plea of guilty, or after conviction and after judgment and sentence has been imposed, as herein provided for, the judge of said probate or juvenile court in the first instance, or the judge of the circuit court on appeal, and trial de novo, may in his discretion, suspend such judgment and sentence, and, having regard to the circumstances, and to the financial ability, or earning capacity of the defendant, shall have power and authority to make an order, which shall be subject to change by the judge of said probate or juvenile court, as the case may be, from time to time, as circumstances may require, directing the defendant to pay a certain sum periodically to the clerk of said probate or juvenile court, as the case may be, for the use of defendant's wife, or for the use of his wife and child or children, or for the use of his child or children; and to release the said defendant from custody on probation, upon his or her entering into recognizance, or bond, with or without surety in the discretion of said judge, in such sum as said judge may order and approve; the conditions of said bond shall be such that if the said defendant shall make his personal appearance in said probate or juvenile court at stated times or whenever ordered to do so by the judge thereof within one year, and shall further comply with the terms of such order of support, or of any subsequent modification thereof, then such bond or recognizance shall be void, otherwise to remain in full force and effect. The judge of said probate or juvenile court shall, also, have the right and authority, after a part of such sentence has been served, to release said defendant from such sentence, to jail or hard labor, and to suspend the remaining part thereof, and to make such order of support, and to release defendant on probation subject to the same terms and conditions as provided for the probation of defendants not serving such sentence."

W. A. Jenkins, of Birmingham, for appellant.

The jurisdiction of the juvenile court is limited by the act creating it. Acts 1919, p. 128. Acts 1919, p. 180, § 4, is an infringement of the constitutional right to a trial

by jury. 170 Ala. 178, 54 South. 213, Ann. Cas. 1912C, 1093; 88 Ala. 212, 7 South. 260; 96 Ala. 33, 11 South. 296.

Black & Harris, of Birmingham, for appellee.

The juvenile court of Jefferson county has jurisdiction to administer the nonsupport acts of 1919, and the courts will construe them as being in pari materia. 177 Ala. 212, 59 South. 294; 162 Ala. 196, 50 South. 265; 142 Ala. 90, 38 South. 761; 38 South. 1038; 8 Port. 171. The court will avoid such a construction as would show a conflict. 160 Ala. 168, 49 South. 78; 172 Ala. 160, 54 South. 605; 160 Ala. 190, 48 South. 847. The allowance of alimony, pending appeal by the husband, is not an invasion of the constitutional right of trial by jury. 141 Ala. 356, 37 South. 379; 36 Ala. 391; (La.) 90 South. 536; 32 R. I. 477, 79 Atl. 1111, Ann. Cas. 1912D, 1092; 169 Ill. 201, 48 N. E. 717; 65 Wis. 412, 27 N. W. 34; 19 Colo. App. 51, 73 Pac. 662; 119 N. Y. 519, 23 N. E. 1065.

McCLELLAN, J. This is an appeal from an order denying the relator's petition for writ of prohibition to restrain the judge of the Jefferson county juvenile court from enforcing an order or judgment requiring relator to provide financial support for his wife pending relator's appeal to the circuit court from a judgment of conviction of relator on the criminal charge of failing or refusing to provide for the maintenance of his wife (Gen. Acts 1915, pp. 560, 561; Gen. Acts 1919, pp. 177, 178), or otherwise exercising jurisdiction pending the disposition of relator's appeal. Upon such appeal—undetermined at the time this proceeding was instituted—the relator was assured by law a trial de novo by a jury on his demand, which demand he made in the circuit court. It is evident from the status and the averments of the petition that relator's right to a jury trial as demanded in the circuit court was not being jeopardized by that court.

[1] The authority for the juvenile court's order requiring relator to supply funds for the support of his wife, pending his stated appeal, is found in section 4 of the act approved February 18, 1919 (Gen. Acts, p. 180), reading:

"At any time before or at the trial, or pending an appeal, upon motion of the complainant and upon notice to the defendant, no formal notice being necessary if defendant be present in court, and informed of said motion, the judge of said court may enter such temporary orders as may seem just, providing for the support of the neglected wife or children, or both, pendente lite, and may punish for violation of such order as for contempt, as provided by law for the punishment of contempts of the court in which such case is pending."

This act made amendments to parts of the act approved September 16, 1915 (Gen. Acts, p. 560 et seq.). The design in the title, as well as the body, of the act of 1915 evinced the purpose to protect wives and children from nonsupport and desertion by husbands and parents, with related provisions.

By an act approved February 19, 1919 (Gen. Acts, p. 128 et seq.), the next day after the above-mentioned amendatory act (of that of 1915) was approved, the Legislature made elaborate provisions "relating to dependent, neglected, or delinquent children in all counties" containing a population sufficient to include Jefferson county. This act does not appear to treat of a husband's obligation to his wife or establish penalties for the nonobservance by husbands of such obligations as the marital relation imposes upon them under the laws of this state, particularly the act approved February 18, 1919, cited above.

On the same day these two acts of 1919 were transmitted by the Legislature for the Governor's constitutional consideration. Their enactment was practically coincident in the Legislature. The act last approved was delivered to the Governor about three hours after the delivery of the act first approved. They are in pari materia, and must be construed or interpreted together as one enactment; the presumption being against an intention to repeal the former by the latter or to introduce into such related acts inconsistency in the expression of the law. 11 Mich. Dig. Als. Rep. pp. 1102, 1103, 1114. Under such circumstances, it is the duty of the courts to reconcile any apparent inharmony, if that may be reasonably possible.

The act approved February 19, 1919, cited ante, contains this section:

"Sec. 4. That in each and all counties in this state which have a population of as many as one hundred and fifty thousand people according to the last federal census, or which shall have such population according to any such census that may be taken hereafter, there be and is hereby created a juvenile court, which court shall have and exercise in said county the jurisdiction, function, and powers which are herein, or which may hereafter be conferred by law on said courts."

It is insisted that this section, particularly the phrase in which "herein" occurs, limited the jurisdiction and powers of juvenile courts, including that originally created for Jefferson county in 1911 (Local Acts, p. 354 et seq.) and further treated through the legislation of 1916, to such authority and powers as are defined in that act and such subsequent jurisdiction as might be "hereafter" conferred on these courts. This contention involves the acceptance of the view that the act last (the next day) approved effected the repeal of the juvenile court's jurisdiction that was exercised and illustrated in the trial of relator for the offense stated, from the judgment in which he appealed to the circuit court, as well as the withdrawal of the jurisdiction conferred by section 4 (quoted

first above) of the act approved February 18, 1919. The contention is unsound, requiring, as its acceptance would, the ignoring of the principle that these acts are in pari materia, and must therefore be construed to express an harmonious purpose except where their provisions are irreconcilable. The term "herein," as therein employed, is reasonably referable, must be referred, to the composite legislative expression of both these acts. When so interpreted, the section and the phrase in which "herein" occurs does not restrict the juvenile court's jurisdiction to the authority and powers defined in the last-approved act. Read together, these two enactments present no irreconcilable conflict with respect to the particular contention under consideration. The juvenile court of Jefferson county had the jurisdiction it undertook to exert in both instances, unless questioned provisions of the act are invalid for other reasons to be considered.

[2] It is insisted that the provisions of section 5 of the act approved February 18, 1919 (Acts, p. 180), authorizing the suspension of sentence and defining the conditions thereof and the procedure therefor, are void because offensive to sections 43 and 124 of the Constitution—citing a deliverance of the Court of Appeals (Vinson v. State, 16 Ala. App. 536, 79 South. 316) in which it was decided that the pardoning power was an element of the authority of the executive department of the state, and that there was no inherent power in our judicial department to exercise clemency, through suspension of sentence, toward persons adjudged guilty of penal offenses. Section 5 will be reproduced in the report of the appeal. The conclusion of the Court of Appeals does not appear to have been reviewed by the Supreme Court on certiorari. From the opinion of that court it appears that no statute was found undertaking to authorize suspension of sentence by the courts; though it is there said such a statute would be a violation of sections 43 and 124 of the Constitution. The general constitutional principle may be as stated by the Court of Appeals; but it is by no means plain that the design and effect of section 5 of the act of February 18, 1919 (Gen. Acts, p. 180), is offensive to the principle. See People v. Stickle, 156 Mich. 557, 121 N. W. 497, 499.

There is no necessity to determine the question on this appeal; hence we leave it undecided. If it is assumed (for the occasion only) that the provisions of sections 5 and 6 of the act are invalid, they are independent, separable in nature and in effect from the remainder of the act; and hence their invalidity would not require the destruction of the other valid and completely efficient provisions of the acts. 11 Mich. Dig. pp. 1054, 1055.

[3] It is also insisted that section 4 of the act approved February 18, 1919 (quoted before), authorizing the juvenile court to require a defaulting husband to afford support for his wife or children, or both, pending his appeal to the circuit court from the juvenile court's adjudication of his guilt of the penal offense of nonsupport of his wife or children, is violative of the defendant's constitutional right to a trial by jury for that offense, a right that otherwise in the law is recognized and assured the defendant through a trial de novo in the circuit court. Alford v. State, 170 Ala. 178, 54 South. 213, Ann. Cas. 1912C, 1093, among others. The requirement, through such temporary order as the judge may deem just, that, pending his appeal, a defendant convicted of the offense of desertion or nonsupport should supply support for his wife or children, under penalty of being ruled for contempt, does not invade or qualify the defendant's right to trial by jury in the circuit court. The issues in the two proceedings are not identical, nor are the judgments and consequences the same. The temporary order is dependent upon an appeal, following a judgment of conviction; and its obligation may well be materially different from the penalty imposed in the criminal prosecution. The inquiry on appeal in the criminal prosecution involves, alone, investigation of and adjudication upon a past status; whereas the temporary order, pending the appeal, involves, alone, inquiry into the then present status of the husband or father with respect to his ability to afford such measure of support, pending the appeal, as the sound judgment of the judge shall then deem just; and the rule for contempt, in the event of default, is for violation of the order, not for being unable to perform it (Webb v. Webb, 140 Ala. 262, 37 South. 96, 103 Am. St. Rep. 30), through the apt analogy furnished by orders for temporary alimony. The right of a trial by jury in the criminal prosecution on appeal is not burdened or impaired by the authority created by section 4 of the act approved February 18, 1919 (Acts, p. 180). It was within the power of the Legislature to make such provisions pending the appeal, retaining in the initial court that authority notwithstanding the pendency of the appeal. Such has been the view in cases of orders for temporary alimony where appeals had operated to transfer the main cause to a higher court. Lawrence v. Lawrence, 141 Ala. 356, 37 South. 379; Ex parte King, 27 Ala. 387.

The writ of prohibition sought was well denied by the court below. Its judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.