(118 So. 147)

## Ex parte BLUE, Judge.

## CAYLOR v. BLUE, Judge.

(3 Div. 840.)

Supreme Court of Alabama.   May 10, 1928.

Rehearing Denied June 28, 1928.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Rushton, Crenshaw & Rushton, of Montgomery, for appellee.

Brief did not reach the Reporter.

BOULDIN, J.   Code 1923, c. 157, §§ 4479 to 4495, inclusive, is preventive and corrective in purpose.

To desert or willfully neglect or fail to support the wife without just cause is made a misdemeanor, punishable by fine or sentence to hard labor, or both. Code, § 4480. This preventive feature is expressive of the same legislative policy as the existing law. Code, § 5571, subd. 8.

But the new statute also looks to present and future support by the delinquent husband. To this end the fine, when collected, inures to the benefit of the wife, and, if sentenced to hard labor, the county is charged with the payment of 50 cents per day for her use during the period of service. Code, § 4481.

After conviction, judgment, and sentence, the trial court is empowered to suspend sentence upon compliance with a probation order

114

directing payment of a prescribed sum at stated periods and the execution of a recognizance or bond as prescribed. Code, § 4488.

These provisions for the future support of the wife from the proceeds of conviction for a past offense, or from future payments under the probation order in lieu of punishment for the past offense, must be kept in mind in the construction of section 4487 looking to support of the wife pendente lite.

In State ex rel. Sellers v Murphy, 207 Ala. 290, 92 So. 661, this court considered and upheld an order of the juvenile court made under section 4487 for support of the wife, pending an appeal to the circuit court under section 4485. The power of the initial court to make and execute such order pending the appeal was recognized by analogy to orders for temporary alimony in divorce cases. Lawrence v. Lawrence, 141 Ala. 356, 37 So. 379; Ex parte King, 27 Ala. 387. The act has since been codified without change in this regard. Following that decision we hold the power to make orders for temporary support pending appeal in the circuit court for trial de novo remains in the juvenile court.

But what of orders for temporary support pending an appeal to the Court of Appeals, under Code, § 3243, the general statute for review of convictions in misdemeanor cases by an appellate court?

Is there a hiatus, by legislative omission or otherwise, in the support of the dependent wife, or of a child where the proceeding is against the parent, during the pendency of such appeal? No reason is apparent why support should be provided pending the appeal to the circuit court, and not provided pending an appeal after the cause is again heard and conviction had on a trial de novo before a jury, if demanded.

Support "pendente lite" is the expressed purpose of section 4487. By analogy to temporary allowances in divorce proceedings heretofore recognized, the language is broad enough to cover the period of the pendency of the suit, extending to final judgment, either discharging defendant or making available the funds for support provided in the orders above discussed.

On appeal, the circuit court proceeds under "this chapter," hears the cause de novo, and renders "such judgment and imposes such sentence, under the terms of this chapter as to said court shall seem just." Code, § 4485.

The jurisdiction of the juvenile court is defined in substantially the same words. Code, § 4484.

Section 4487 is part of "this chapter." While the statute is not as clear as it might be, we reach the conclusion that it contemplates temporary support pendente lite, including the pendency of "an appeal" to the Court of Appeals; that on the trial in the circuit court, that court enters all appropriate orders, including the order for temporary support pending appeal to an appellate court, all certified to the juvenile court to become the judgment of that court. Code, § 4486.

It results the certiorari is granted.

All the Justices concur, except GARDNER, J., not sitting.