## STATE v. WORTHINGTON.

### 6 Div. 374.

Supreme Court of Alabama.

May 18, 1933.

Rehearing Granted June 29, 1933.

Thos. E. Knight, Jr., Atty. Gen., Ernest L. Hargrave, Sol. of Juvenile and Domestic Relations Court, of Fairfield, and Reid B. Barnes, of Birmingham, for the State.

W. T. Edwards, of Birmingham, for respondent.

FOSTER, Justice.

The circuit court in equity has had jurisdiction of the controversy between W. J. Worthington and his wife and children, particularly in the matter of maintenance and support of the children extending through many years, and in which numerous orders were made on petitions after the final decree, and several appeals have come to this court. Worthington v. Worthington, 224 Ala. 237, 139 So. 334; Id., 218 Ala. 80, 117 So. 645; Id., 215 Ala. 447, 111 So. 224.

In all those cases the question on appeal related to the provision for the children, and its modification from time to time. We have held in them all that the circuit court retained impliedly, and still possessed, the power to modify the provision due to changed conditions and emergencies subsequently arising.

It appears that such a proceeding is still pending in that court. In it the father of the children petitioned for a small reduction in the amount decreed for the support of the children, and that he be relieved of the payment of any such sum to the mother of the children during the period each year when, under the decree, he has the right to their custody. That court has ample power not only to change the allowance due to changed conditions, but to enforce its payment by summary proceedings. 19 Corpus Juris, 359; Ex parte Whitehead, 179 Ala. 652, 60 So. 924; Murray v. Murray, 84 Ala. 363, 4 So. 239.

Elaborate provision is made by statute, chapter 157, Code, section 4479 et seq., to accomplish the same purpose by criminal and quasi criminal proceedings in the probate or juvenile court. Under its provisions the former wife began criminal suit in the juvenile court of Montgomery county where she and the children reside. The circuit court, in equity, in Jefferson county, having and exercising jurisdiction of the maintenance suit we have mentioned, held that the juvenile court could not by its issuance of such a warrant, pending such hearing, proceed under the statute to enforce payment for the support of his children, and ordered the defendant discharged from such arrest when he brought habeas corpus for that purpose.

Whether the juvenile court can proceed under such circumstances is the only question considered by the Court of Appeals.

We should look to the nature of the statutory provisions to determine if they extend authority to secure maintenance of the children through criminal or quasi criminal actions pending a current suit in equity, having and then exercising full jurisdiction of the entire subject-matter. The question has received consideration in more or less analogous circumstances in other states, as shown in 22 A. L. R. 795 et seq., note, and 46 Corpus Juris, 1356. It does not seem to appear in them that at the very time of the institution of the criminal charge the chancery court had before it, then under consideration, the exact question of the extent and performance of the same duty sought to be coerced by the criminal charge.

We are not here confronted with a case similar to those treated in the cases there cited. If the only question were the failure of the father to obey the order of the chancery court making provision for the support of the children, it would present a different question from that shown in this case. But some states hold that since the court of chancery has jurisdiction to enforce its decrees, an independent action or criminal proceeding for the same purpose is not available. We cite the following cases, which seem to be in the minority: State v. Coolidge, 72 Wash. 42, 129 P. 1088; People v. Dunston, 173 Mich. 368, 138 N. W. 1047, 42 L. R. A. (N. S.) 1065; State v. Sweet, 179 Minn. 32, 228 N. W. 337.

Our task is to examine our statutes, as construed by our courts, and see if they were intended to operate to the exclusion of current pending proceedings of another court of concurrent general jurisdiction seeking to modify its order and with full power to enforce the duty of the father in this connection as well as to decide just what that duty is. The purpose of our statutes on this subject, chapter 157, Code, is not the punishment of a crime as ordinarily understood, though it is in that form; but to force maintenance and support for the children (for we are here only concerned with children). The proceeds derived from such proceedings, criminal in nature though they are, do not go into the fine and

forfeiture fund, as in other criminal cases, but to the probation officer for their (the children's) support. Section 4481, Code; Swindle v. State ex rel., 225 Ala. 247, 143 So. 198. Pending appeal from the juvenile court to the circuit court, and then to the Court of Appeals, provision may be made by it for their support, by analogy to orders for temporary alimony. Ex parte Blue, 218 Ala. 113, 118 So. 147; section 4487, Code.

Those Code sections show a purpose to provide an effective and speedy method of securing support of his wife and children, when he has deserted or willfully neglected, refused, or failed to provide for them, when in destitute or necessitous circumstances. It is not thereby attempted to confer on those courts the exclusive right to pass upon question of alimony and support, and take such power away from the court of chancery having general jurisdiction in this respect. Gabbert v. Gabbert, 217 Ala. 599, 117 So. 214; Ex parte Pruitt, 207 Ala. 261, 92 So. 426; State ex rel. Sellers v. Murphy, 207 Ala. 290, 92 So. 661; Hall v. Kirkland, 225 Ala. 158, 142 So. 61.

The jurisdiction of the chancery court was not in any respect curtailed or affected. Ex parte Jackson, 212 Ala. 496, 103 So. 558; Sellers v. Sellers, 212 Ala. 290, 102 So. 442.

The criminal charge here sought was only by virtue of section 4484, Code, since it was in the juvenile court, and not under our vagrancy statute. Section 5571, subdiv. 8.

We here leave unsettled, for an opinion would be only dictum, the question of whether the juvenile court would have the power to proceed under chapter 157, in a case when the chancery court had decreed divorce, and made provision for the custody and support of the children, and the father, without seeking any relief from that decree in such court of chancery, is charged under section 4480, Code, with willfully neglecting, refusing, or failing to provide means of support whether as declared in the chancery court or not, and when that court of chancery has not then under consideration the matter of fixing or enforcing such duty. But we are clear that when that court then has such matters under consideration in such manner as to invoke an exercise of its general powers, its jurisdiction is exclusive of any other proceeding for the same purpose, or to accomplish the same end.

The opinion of the Court of Appeals is based upon such reasoning, and is in accord with our views. We have been led into a further discussion of the subject on account of the urgent briefs submitted on behalf of the state.

Writ of certiorari is denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

## On Rehearing.

FOSTER, Justice.

The petition to modify the order of the chancery court was filed in that court August 1, 1931, and sought to reduce the monthly allowance from $150 to $125 and for a full release from the payment to the mother of the children for their support during June, July, and August, each year, when by the decree their custody is awarded to the petitioner. Issue was joined on that petition, and submitted to the judge of that court, and he took it under advisement, but has made no order on it.

The proceeding in the juvenile court was begun November 28, 1932. It does not appear that there has been any modification of the decree providing for $150 per month, nor suspension of its effect pending the hearing nor otherwise. So that the facts show that petitioner is still under the adjudged duty to pay the amount thus decreed for the maintenance and support of the children.

The courts generally, with few exceptions, hold that the father is not relieved from the criminal responsibility for a failure to support his children merely because a chancery court has also made direction for the same purpose, and though that court also has summary power to enforce its decree. The authorities are noted in the notes 22 A. L. R. 795 et seq.; 46 Corpus Juris, 1056 et seq.

The rule is well known, and not questioned in any quarter, so far as we know, that, when two courts have concurrent jurisdiction to enforce the same rights, between the same parties, and one of them has attached, the other is without right to proceed to the same end. Eastburn v. Canizas, 193 Ala 574, 69 So. 459; Swope v. Swope, 173 Ala. 157, 55 So. 418, Ann. Cas. 1914A, 937; Southern Hdw. Co. v. Lester, 166 Ala. 86, 52 So. 328; Gray v. South, etc., R. Co., 151 Ala. 215, 43 So. 859, 11 L. R. A. (N. S.) 581; Finch v. Smith, 146 Ala. 644, 41 So. 819, 9 Ann. Cas. 1026.

If we conclude that section 4479 et seq., Code, were intended merely to confer on the juvenile court concurrent jurisdiction with the chancery court in respect to the enforcement of the duty of the father to support his wife and children, our former opinion and that of the Court of Appeals should be sustained. So that whatever is said must be directed to that inquiry.

In Ex parte Pruitt, 207 Ala. 261, 92 So. 426, this court was dealing with the custody of minor children, and considering Gen. Acts of 1919, p. 128, relating to dependent, neglected, or delinquent children. That act is of a different nature from the provisions of chapter 157 (section 4479 et seq.), Code, Gen. Acts 1919, p. 176. In that case it was held that the

delinquent child act conferred on the juvenile court jurisdiction involving the custody of minor children concurrent with that of the chancery court. There the rights of the children alone measure the duty. So that the right of the public is to enforce a duty to the children. There are involved no degrees of duty in any one situation. The public simply acted in the juvenile court, not for the breach of a duty to it, but solely to enforce a duty to the children.

In Ex parte Jackson, 212 Ala. 496, 103 So. 558, this court was dealing with what is now chapter 157, Code, relating to the effect if a father without lawful excuse shall willfully fail to provide for his children, who are in destitute circumstances, and held that such a proceeding is not a bar to an action in chancery to require the father to provide adequate support for the children, and the original jurisdiction of that court was not ousted in that respect, but that the amount which was collected through the juvenile court should be taken by the chancery court as in the nature of an allowance pendente lite.

We do not understand that the authoritative holding in Sellers v. Sellers, 212 Ala. 290, 102 So. 442, is contrary to that of Ex parte Jackson, supra.

By way of further elaboration of the subject, we may add that we do not understand that the doctrine of this rule in respect to courts of concurrent jurisdiction applies except in respect to the jurisdiction of the court to enforce the same rights. And so we observe that under the juvenile act, the proceeding is initiated on behalf of the public on account of a right in it to have a duty to children enforced to a limited extent; that is, that they may be relieved of destitution. It is not the right of the children that it enforces, but the incidental right of the public consequent upon the destitution of the children.

But the chancery court is not limited to provision for the prevention of destitution, but its jurisdiction extends to enforcing the full measure of the duty which he as a parent owes to his children to provide for their maintenance, support, and education. Their jurisdiction is not therefore concurrent. But that of the chancery court to a certain extent overlaps that of the juvenile court in respect to the support of the children, but does not possess all its powers. They could not be maintained and educated by the father to the

extent of his duty, and at the same time he have no lawful excuse for not providing further for them.

So that if the juvenile court was only constituted to raise money to relieve destitution, it may be that an exercise of the jurisdiction of chancery, which necessarily included that purpose, and more, should be held a bar to proceedings to relieve such destitution. While destitution is the mainspring of the action in the juvenile court, and while the relief from destitution may be a complete defense to such action, there is also an element of punishment. True, all fines paid, and moneys received from the hard labor of the father, must be used for the support of the family, yet it sometimes happens that no funds are thus realized; and, in that event, his hard labor is no more than punishment as for a crime. Swindle v. State, 225 Ala. 247, 143 So. 198. Moreover, the punishment may be a jail sentence, section 4480, Code, from which no funds would be available.

▓ Our judgment now is that because a court of chancery may have power to declare and enforce the duty of the father to his children, the state is not deprived of its police power to punish such neglectful father, when the failure on his part exists willfully, and without lawful excuse, and the children are in destitution.

To relieve himself of such consequences, all he has to do is to obey the order of the chancery court, when that court has declared his duty. If he does not, the fact that it has power to enforce its decrees is no reason why the state may not exercise its police power in the matter.

Since upon further consideration we now think the conclusion reached, in the opinion which we heretofore entertained in this case, is not expressive of the correct solution of the question presented, we recede from that opinion, and substitute this in its place. This result conflicts also with the opinion of the Court of Appeals.

Rehearing granted, former judgment of this Court set aside, writ of certiorari to the Court of Appeals granted, judgment of that court is reversed, and the cause remanded to it for final disposition.

All the Justices concur, except BROWN, J., who thinks that the original opinion is correct, and he therefore dissents.